■ In the Matter of LORRAINE J. BORST, Appellant, v JAY V. BORST et al., Respondents.—Weiss, J. Appeal from an order of the Family Court of Chenango County (Dowd, J.), entered June 17, 1986, which dismissed petitioner's application, in a

proceeding pursuant to Domestic Relations Law § 240, for custody of her child.

In October 1985, petitioner filed a petition for the custody of her natural son, then nine years of age. Previously, in April 1985, an order had been granted placing the child in the custody of his maternal grandparents, respondents herein. The child had been in foster care for approximately two years before respondents obtained custody on consent of the Schoharie County Department of Social Services, petitioner and the child's Law Guardian. Following a hearing on the instant petition, Family Court opted to continue custody with respondents, with reasonable visitation rights extended to petitioner. This appeal by petitioner ensued.

We affirm. The governing standard on a petition to modify a prior custody award remains the best interest of the child under the prevailing circumstances (Friederwitzer v Friederwitzer, 55 NY2d 89, 95; Giordano v Giordano, 93 AD2d 310, 311). In rendering its decision, Family Court noted that the child was thriving in the care of his grandparents and that petitioner only sporadically exercised her visitation rights. Petitioner has not had custody of the child for several years and, as the hearing minutes show, has made little headway in altering her living situation. Although not dispositive, the Law Guardian recommended that respondents return custody. Given these circumstances, Family Court acted well within its discretion in continuing the present custodial arrangement (see, Eschbach v Eschbach, 56 NY2d 167, 173-174). Since the parties have been compatible with respect to visitation, the direction to continue "reasonable rights of visitation" was appropriate.

Order affirmed, without costs. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.