■ In the Matter of PAMELA CANNON, Respondent, v JENNY LEE ARMSTRONG, Appellant. [622 NYS2d 828] —White, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered March 15, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Brenda Lee Cannon.

When petitioner gave birth to Brenda Lee Cannon on October 30, 1989, she was living with respondent and continued to do so until January 1991, when Family Court entered a consent decree formalizing an agreement between the parties wherein petitioner relinquished custody of Brenda to respondent. Thereafter, in October 1993 petitioner commenced this proceeding to modify the 1991 decree to provide her with the custody of Brenda. Following an evidentiary hearing Family Court granted the petition, finding that there were no extraordinary circumstances to justify withholding custody from petitioner. This appeal ensued.[1]

It is well established that a biological parent has the right to the care and custody of a child superior to that of others, unless the parent has abandoned that right or is proven unfit to assume the duties and privileges of parenthood *(see, Matter of Michael B.,* 80 NY2d 299, 309; *Matter of Bennett v Jeffreys,* 40 NY2d 543, 544). Thus, once it is found that the parent is fit, and has neither abandoned, surrendered nor otherwise forfeited parental rights, such parent is entitled to custody

1. On May 4, 1994 we granted respondent's motion for a stay of Family Court's order pending resolution of this appeal.

without reference to the "best interest" test *(see, Matter of Male Infant L.,* 61 NY2d 420, 427-428).

In *Matter of Borst v Borst* (137 AD2d 890), wherein Family Court granted an order placing the custody of a child with the maternal grandparents on the consent of, among others, the mother, we held that the governing standard on a petition to modify a prior custody award is the best interest of the child under the prevailing circumstances. Recently, we overruled that aspect of *Borst* and held that the appropriate threshold issue is whether the parent is unfit or whether any other "extraordinary circumstances" exist that would justify depriving the parent of custody *(see, Matter of Gray v Chambers,* 206 AD2d 619).

Here, it appears that the strategy of respondent's counsel in presenting her case was predicated on our holding in *Borst (supra).* As a consequence, respondent failed to adduce sufficient proof to meet her burden of establishing extraordinary circumstances *(see, Matter of Judware v Judware,* 197 AD2d 752). Normally, that would mark the end of this matter. However, because at the time of the hearing herein respondent's reliance on *Borst* was not misplaced, and as there is sufficient evidence in the record to suggest that a further hearing on the question of petitioner's fitness as a parent is warranted,[2] we believe the appropriate remedy is to remit this matter to Family Court for a new hearing *(see, Matter of Canabush v Wancewicz,* 193 AD2d 260, 263). Prior to the hearing, Family Court should appoint a Law Guardian for Brenda and consider utilizing the auxiliary services available to it *(see,* Family Ct Act §§ 249, 251, 252, 253; *see also, Matter of Gray v Chambers, supra,* at 621; *Matter of Vernon Mc. v Brenda N.,* 196 AD2d 823).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.

---

2. The record shows that petitioner has placed one son in foster care; that two other children, born after Brenda, are apparently living with their fathers; that she has had seven different roommates within the year; that she has been observed acting inappropriately toward Brenda; that she is unemployed and has no living quarters; and that her parenting skills are deficient.