■ In the Matter of BABY GIRL U., an Infant. SHARON V. et al., Respondents; LESTER T., Appellant. [638 NYS2d 253] —Cardona, P. J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered June 17, 1994, which, *inter alia*, dismissed respondent's cross petition, in a proceeding pursuant to Family Court Act article 6, for custody of Baby Girl U., and ordered that respondent's consent to the child's adoption was not required.

Respondent is the biological father of Baby Girl U. (hereinafter the child) who was born in 1991. Without informing respondent, the mother placed the child for adoption and, on April 28, 1992, pursuant to an extrajudicial consent, custody was given to petitioners, the adoptive parents. In January 1993, petitioners filed a petition for adoption. In July 1993, after being informed by the adoption agency of the proposed adoption, respondent filed a paternity petition. An order of filiation was entered in October 1993 and shortly thereafter respondent filed a petition for custody of the child. After a hearing, Family Court dismissed respondent's application for custody and granted petitioners' request to dispense with respondent's consent to the adoption. An order was entered directing the finalization of the adoption. Respondent appeals.

Respondent contends that he was entitled to stop this adoption because the mother fraudulently concealed the child's birth. We find this argument unavailing. The Court of Appeals has stated that an unwed father of a newborn infant has a right to veto an adoption if he "manifests a willingness to assume full custody of the child" (*Matter of Robert O. v Russell K.*, 80 NY2d 254, 262). The Court, however, limited the time in which the father must act to the six-month period immediately preceding the child's placement for adoption (*see, supra*, at 264; *Matter of Raquel Marie X.*, 76 NY2d 387, 408). Here, it is undisputed that respondent did nothing to establish his interest in assuming the responsibilities of parenthood in the six months preceding the child's placement. Respondent claims that he did not learn about the child until December 1992. He was not named as the child's father on the birth certificate and the mother never identified him as the father prior to placing the child for adoption.

Testimony at the hearing, however, indicates that respondent did know that the mother was pregnant. Respondent's

nephew testified that he told respondent that the mother was pregnant roughly three months into the pregnancy. The nephew also stated that the mother denied her pregnancy to respondent. However, the nephew later informed respondent of the birth of the child and that she had "got rid of the baby". The nephew further testified that it was his belief that the mother finally admitted to respondent, about a week or two after the birth of the child, that she had given birth. Even if we were to accept respondent's contention that his failure to act was due to the actions of the mother, and he was therefore excused from satisfying the six-month time requirement, we find that Family Court correctly concluded that respondent failed to engage in any conduct indicative of a manifestation of parental responsibility.

The Court of Appeals has determined that an assertion of custody is not all that is required. A judicial evaluation of whether a father has sufficiently shown his willingness to assume custody includes "such considerations as his public acknowledgement of paternity, payment of pregnancy and birth expenses, steps taken to establish legal responsibility for the child, and other factors evincing a commitment to the child" (*Matter of Raquel Marie X.*, *supra*, at 408). Here, respondent has failed to satisfy these criteria. He did not seek to be declared the child's father until July 1993 (a full six months after he allegedly learned of the child's birth) and there is no evidence in the record that respondent ever sought to be financially responsible for the child. Adoption agency caseworkers testified that respondent indicated that he did not want to raise the child and only wanted to see her so she would "know who he is". Caseworker notes also indicated that respondent did not want custody but he claimed "he would never sign her away". The record further reveals that respondent was not responsible concerning his appointments with the adoption agency. In our view, respondent's "manifestations of willingness [did not take] place promptly" (*Matter of Robert O. v Russell K.*, *supra*, at 262) and were "more * * * an effort to block the adoption by others, rather than assuming custodial care himself" (*Matter of Raymond AA. v Doe*, 217 AD2d 757, 761). Thus, Family Court's decision to deny the request for custody and dispense with respondent's consent to the adoption should be affirmed.

As a final matter, we reject respondent's attempt to raise a constitutional challenge to the decision for the first time on appeal (*see, Matter of Buchwald v New York State Police & Firemen's Retirement Sys.*, 168 AD2d 774, 775, *lv denied* 77 NY2d 806; *Matherson v Marchello*, 100 AD2d 233, 241, n 4).

Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.