■ In the Matter of JASEN BREWER, Respondent, v CANDY WHITNEY, Appellant. (And Another Related Proceeding.) [666 NYS2d 354] —Carpinello, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered February 3, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

The parties are the parents of a child born out of wedlock in July 1992. In 1994, a joint custody arrangement was established with the parties alternating physical custody. Subsequently, however, the parties cross-petitioned for sole custody. Family Court's award of sole custody to petitioner has prompted this appeal by respondent.

Having had the opportunity to assess the credibility of the parties, in addition to the other witnesses called at the hearing, we decline to set aside Family Court's determination awarding sole custody in favor of petitioner as it has a sound and substantial basis in the record and serves the child's best interest (*see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Hubbard v Hubbard,* 221 AD2d 807, 808). While "[c]hanges in established child custody should only be made upon a demonstration of a sufficient change of circumstances which show a real need to effect a change in order to insure the best interest and welfare of the child" (*Matter of McCauliffe v Peace,* 176 AD2d 382, 383), we are satisfied that such showing has been made.

In this case, respondent has demonstrated an inability to recognize and deal with diagnosed speech and developmental delays that have developed in the child over the past few years. She has also failed to provide adequate personal hygiene for the child, take adequate steps to keep him safe and, in general, provide sufficient parental guidance. Petitioner, employed full time and married with two children from that union, has taken affirmative steps to address the child's developmental and speech difficulties and to insure that the child gets the educational assistance he needs. He and his wife provide the child with a stable home environment with necessary daily routines for the child, proper hygiene and age-appropriate activities.

A court-ordered psychologist evaluated the parties, their significant others and the child. In his evaluation, he noted that when the child was brought in for the evaluation by respondent, he was "scruffy, almost disheveled" and that his "face, hands and hair * * * [were] not particularly clean". During this evaluation, the child's play was disorganized and filled with themes of violence. In stark contrast, when petitioner brought the child in for evaluation, the child was "transformed". According to the psychologist, the child's hygiene was "excellent" and his hair, face and clothes were neat and clean. During the evaluation, the child was calm and did not exhibit disorganized behavior. According to the psychologist, it was "difficult to keep in mind that this was the same boy. He presented both physically and emotionally entirely differently on those two occasions." The psychologist opined that petitioner was the "clear custodial preference" for the child and recommended that he be given full legal custody. The basis for this recommendation included his evaluations of the parties, observations of the child while with each parent and respon-

dent's "steadfast refusal to negotiate with [petitioner] regarding their son's special educational needs".

In short, the disposition, which was in accordance with the Law Guardian's recommendation, was made after careful consideration of the totality of the circumstances, with due regard for the parties' respective home environments and the stability, character, credibility and relative fitness of the parties and appears to be in the child's best interest. Accordingly, we decline to disturb it.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.