■ In the Matter of CINDY MOREHOUSE, Respondent, v ROGER L. MOREHOUSE, Appellant. [673 NYS2d 776] —Mercure, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered May 6, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

Petitioner and respondent, the parents of two children (Adam, born in 1982, and Aaron, born in 1988), were married in 1979, separated in 1994 and ultimately divorced in July 1996. The judgment of divorce incorporated the parties' stipulation concerning custody and visitation, granting them joint custody of both children, with Aaron living with petitioner 60% of the time and Adam living with each party 50% of the time. In September 1996, petitioner instituted this proceeding, alleging a substantial change of circumstances and seeking to modify the judgment of divorce so as to award her sole custody of both children. Respondent cross-petitioned for an award of sole custody in his favor. Following a fact-finding hearing conducted in March 1997, Family Court awarded petitioner sole custody of Adam and Aaron, subject to respondent's right to regular visitation. Respondent appeals.

We affirm. Initially, it is our view that the substantial record evidence of the parties' distrust of one another and inability to cooperate and "act in a mature civilized fashion to share in the upbringing of their child[ren]" (*Matter of Guadagno v Guadagno*, 235 AD2d 854) demonstrated "a real need to effect a change in order to insure the best interest and welfare of the child[ren]" (*Matter of McCauliffe v Peace*, 176 AD2d 382, 383; *see*, *Matter of Brewer v Whitney*, 245 AD2d 842, 843), thereby warranting Family Court's modification of the parties' prior custodial arrangement. We further conclude that, giving due deference to Family Court's credibility determinations and particularly its resolution of the parties' conflicting testimony (*see*, *Matter of Alice A. v Joshua B.*, 232 AD2d 777, 779), the record provides a sound and substantial basis for Family Court's grant of sole custody to petitioner. Specifically, such of the testimony as was credited by Family Court showed that petitioner was the more appropriate custodial parent, that she was capable of lending greater stability to the children's lives and also that she demonstrated better parenting skills than respondent. Notably, at the time of the fact-finding hearing, respondent had been out of work for an extended period of time whereas petitioner maintained a steady income as a certified

day care provider. In addition, the evidence showed that respondent was inconsistent in his discipline and failed to follow through with restrictions that petitioner had placed upon Adam, and also that he failed to exercise good judgment in permitting Adam to frequently skip school and by allowing him to attend a Boy Scout camping trip at a time when he was ill.

Taking into account the quality of the parents' home environments, their past performance, relative fitness and ability to provide for the children's intellectual and emotional development, we conclude that the children's best interest was served by the award of custody in favor of petitioner (*see, Matter of Brewer v Whitney, supra*, at 843; *Matter of Morgan v Becker*, 245 AD2d 889, 890-891). As a final matter, although not determinative, we note that Family Court's credibility determinations and ultimate decision are in accordance with the Law Guardian's recommendation (*see, Matter of De Losh v De Losh*, 235 AD2d 851, 854, *lv denied* 89 NY2d 813; *Matter of Alice A. v Joshua B., supra*, at 779).

Mikoll, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.