■ In the Matter of RANDY K., Appellant, v EVELYN ZZ. et al., Respondents. (And Another Related Proceeding.) [692 NYS2d 804] —Spain, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered March 3, 1998, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Randy J.

In August 1997, petitioner's child, born in September 1995, was removed from the custody of the child's mother by the Franklin County Department of Social Services (hereinafter DSS) based on the appearance of unexplained bruises and human bite marks on the child's legs (see, Family Ct Act § 1024). The removal occurred while petitioner was incarcerated.[1] On October 31, 1997, petitioner filed a petition in Family Court for custody of the child alleging that he had been released from jail after the child's removal by DSS and that he "has an adequate home and means to provide" for the child. On February 26, 1998, petitioner was again incarcerated. During his incarceration, he appeared in Family Court on his custody petition and Family Court dismissed the petition, sua sponte, concluding that because petitioner was incarcerated he was, at that time, "in no position to exercise custodial authority". Subsequently, Family Court held a hearing and adjudicated the child to be a neglected child and placed him with DSS for the ensuing 12-month period. Petitioner appeals from the dismissal of his custody petition.[2]

The question before this Court distills to whether Family Court properly dismissed the custody petition of a parent seeking sole custody of an infant child at a time when that parent was incarcerated. Although the record does not reveal the circumstances under which petitioner was incarcerated, there is

---

**1.** The record discloses that petitioner and the child's mother were not residing in the same household during any of the time periods relevant to this matter.

**2.** It appears that on the day he filed the custody petition, petitioner also filed a petition for termination of placement pursuant to Family Court Act § 1062. Although the order dismissing the custody petition also dismisses the termination of placement petition and petitioner filed a notice of appeal as to . both dismissals, petitioner's appellate brief only addresses the dismissal of the custody petition. Accordingly, upon petitioner's failure to raise that issue, the appeal from the dismissal of the termination of placement petition is deemed abandoned (see, Transamerica Commercial Fin. Corp. v Matthews of Scotia, 178 AD2d 691, 692, n 1).

no dispute that his incarceration was not temporary and that he remained incarcerated at least through April 3, 1998, the date of the scheduled fact-finding hearing in the neglect proceeding. Clearly, while petitioner asserted in his petition that he was capable of taking full charge of the child and providing suitable living arrangements, it was impossible for petitioner to fulfill these obligations while incarcerated. Notably, Family Court implicitly dismissed the petition without prejudice, as petitioner has every right to file a new petition whenever he wishes to propose some other alternative to DSS placement—perhaps by filing a new petition seeking custody with a family member—or when he is released from incarceration (*see*, Family Ct Act §§ 216-b, 216-c [a], [b]). In our view, petitioner's counsel's reference to the possibility that petitioner's brother might be willing to take the child was not a sufficient basis for amending the petition in lieu of dismissal.

Although "a parent's incarceration, standing alone, is not a sufficient basis upon which to deny *visitation*" (*Matter of Hadsell v Hadsell*, 249 AD2d 853, *lv denied* 92 NY2d 809 [emphasis supplied]), where, as here, an incarcerated parent such as petitioner seeks sole custody, we find no abuse of discretion in Family Court's dismissal of the petition as long as the court recognizes petitioner's right to file a new petition as future circumstances warrant (*compare*, *Matter of D'Entremont v D'Entremont*, 254 AD2d 576). Notably, as an interested parent, petitioner was permitted to continue to participate in the dispositional phase of the neglect proceedings brought against the child's mother (*see*, Family Ct Act § 1055). Clearly, even if incarcerated, petitioner is entitled, as a parent, to notice of any further proceedings relating to the placement of the child (*see*, Family Ct Act § 1055 [b] [iii]).

We take this opportunity to note that it is highly advisable that Family Court, when faced with a petition for sole custody from an incarcerated parent, inquire on the record as to the status and length of the incarceration, its basis, and whether there is a scheduled release date. Additionally, an incarcerated inmate with an imminent scheduled release date is certainly entitled to file a custody petition in anticipation of that release, the success of which will depend, *inter alia*, upon whether that parent is able to demonstrate to the court the ability to take full charge of the child and provide suitable living arrangements.

Accordingly, we conclude that Family Court did not err in dismissing petitioner's custody petition.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.