■ In the Matter of CHRISTINE M. OLDFIELD, Appellant, v DANIEL L. ROBINSON, Respondent. [699 NYS2d 210] —Spain, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered February 10, 1999, which, *inter alia*, granted respondent's cross petition, in a proceeding pursuant to Family Court article 6, for sole custody of the parties' children.

The parties were divorced in August 1997 and are the parents of three children, a daughter (born in 1991) and two sons (born in 1986 and 1988). A separation agreement executed by the parties survived the judgment of divorce and

provided for joint custody of the children, with the children residing 3½ days per week with each parent. In December 1998, petitioner commenced this modification proceeding seeking sole custody. Respondent filed a cross petition seeking retention of joint custody but with the children's primary residence with him. After a hearing, Family Court, *inter alia*, granted sole custody of the parties' children to respondent with visitation for petitioner. Petitioner now appeals.

We affirm. A modification of an existing custodial arrangement is warranted only if, due to a sufficient change of circumstances, it would be in the children's best interests (*see, Matter of Daniels v Guntert*, 256 AD2d 940, 941; *see also, Matter of Crawson v Crawson*, 263 AD2d 656, 657). The best interests of the children is always the primary consideration in child custody matters (*see, Matter of Morgan v Becker*, 245 AD2d 889, 890; *see also, Matter of Rose v Mauro*, 258 AD2d 790) and requires consideration of a number of factors, "including the quality of the parents' home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development" (*Matter of Irwin v Neyland*, 213 AD2d 773, 774; *see, Matter of Russo v Russo*, 257 AD2d 926, 927). Family Court's findings in this regard are generally accorded great deference due to its ability to assess the credibility of witnesses, and will be set aside only where they lack a sound and substantial basis in the record (*see, Matter of Morgan v Becker, supra,* at 890; *Matter of Williams v Williams*, 188 AD2d 906, 907).

Family Court observed that petitioner exhibited anger and tense behavior at trial in contrast to respondent's calm demeanor, and found that such negative behavior had escalated problems with respect to parenting issues to the point that joint custody should not continue. This finding is amply supported by the record (*see, Matter of Drummond v Drummond*, 205 AD2d 847, 847-848). In our view, Family Court was in the best position to assess petitioner's behavior and attitude in contrast to that of respondent and its factual findings have a sound and substantial basis in the record and should not be disturbed (*see, Matter of Morgan v Becker, supra,* at 890; *Matter of Williams v Williams, supra,* at 907). Petitioner acknowledged disagreements with respondent over discipline, extracurricular activities, medical issues and financial matters such as medical coverage and the purchase of clothing and school supplies. These matters are central to raising children and, as such, joint custody is no longer appropriate as the parties could

not cooperate and communicate so as to harmoniously share in the upbringing of their children (*see, Matter of Morehouse v Morehouse*, 251 AD2d 710; *see also, Matter of Jemmott v Jemmott*, 249 AD2d 838, 839, *lv denied* 92 NY2d 809). Having properly decided that joint custody was no longer appropriate, it was then necessary for the court to determine which parent should be awarded sole custody based upon the best interests of the children.

There is considerable support in the record for Family Court's finding that respondent provided the more stable home environment and that he spent substantially more time with the children when they were in his care than did petitioner when they were in her care. Although petitioner admittedly had some control over her work schedule as a nurse, she did not spend significant time with the children. Notably, during her custodial half of the week spanning Thursday through Sunday evening—under the joint/shared custody arrangement to which she agreed in the separation agreement—she worked a 3:00 P.M. to 11:00 P.M. shift on alternate Fridays and worked that shift on alternate weekends, during which time her sister watched the children. As such, on the days she worked petitioner normally picked up the children from her sister's house at approximately 11:30 P.M. and did not arrive at her home until around midnight. On approximately six occasions during the period from September 1998 to early January 1999, petitioner removed the children from school early so that she could get to work on time. While she testified that if she were awarded sole custody she would make the necessary adjustments in her work schedule to accommodate the children, she offered no explanation for not doing so while under the joint custody arrangement. Respondent, in comparison, arrived home from work each night at approximately 5:00 P.M., at which time he and the children had dinner and spent time together; he was also available to help them with their homework, which is particularly important given the difficulties in school experienced by one of the children. Additionally, respondent regularly attended extracurricular activities while petitioner was not so regularly involved, even on her days off from work. Further, respondent has maintained the same home since their separation, whereas petitioner violated the terms of the parties' separation agreement by moving out of the children's school district and, at the time of the trial, was contemplating another move.

Although the Law Guardian initially advocated for a continuation of the joint custody arrangement, on appeal she now sup-

ports Family Court's decision awarding respondent sole custody of the parties' children. Family Court's best interest determination is supported by the fact that the parties' custodial agreement had only been in effect for a relatively short period of time during which respondent offered the children a stable and supportive environment and was available to attend to their emotional and intellectual development. Petitioner's need to rely on others and her limited ability to personally provide for the children during her designated periods were not comparable to the parenting offered by respondent. Accordingly, we find no error in Family Court's determination that it was in the children's best interests that respondent be awarded sole custody (see, Matter of Irwin v Neyland, 213 AD2d 773, 774, supra).

Crew III, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.