In the Matter of MICHAEL L. STILES, Appellant, v TAMMY S. ORSHAL et al., Respondents. (Proceeding No. 1.) In the Matter of JAMES ORSHAL et al., Respondents, v TAMMY S. ORSHAL, Respondent. (Proceeding No. 2.) In the Matter of JAMES ORSHAL et al., Respondents, v MICHAEL L. STILES, Appellant, et al., Respondent. (Proceeding No. 3.) [736 NYS2d 535] —Lahtinen, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered July 20, 2000, which, inter alia, granted petitioners' applications, in proceeding Nos. 2 and 3 pursuant to Family Court Act article 6, for sole custody of their grandchildren.

Michael L. Stiles (hereinafter the father) is the biological father of Michael Stiles, Jr., who was born in January 1998. Respondent Tammy S. Orshal is the child's mother (hereinafter the mother) and James Orshal and Beverly Orshal are the child's maternal grandparents (hereinafter collectively referred to as the grandparents). In November 1999, Family Court awarded joint custody of the child to the mother and the grandparents, apparently with the father's consent. In January 2000, the father commenced proceeding No. 1 against the mother and James Orshal seeking modification of that order and sole custody of the child. In April 2000, the grandparents commenced two separate modification proceedings—one against the mother (proceeding No. 2) and a separate one against the father and another (proceeding No. 3)—seeking sole custody of the child.

At the May 9, 2000 fact-finding hearing on the grandparents' petitions, the mother consented to an order granting the grandparents sole custody of the child, a change from the previ-

ous order.* The father did not consent to any arrangement resulting in the child's custody being awarded to the grandparents and, on the record, Family Court agreed that the father was not bound by any agreement between the mother and the grandparents and also acknowledged, on the record, that the fact-finding hearing on the father's simultaneously pending custody modification petition was scheduled for that day. However, no hearing was held on the father's petition and, in July 2000, without any further fact-finding hearing, Family Court issued an order granting custody of the child to the grandparents. The last decretal paragraph of that order recited "that this order resolves all pending petitions before the Court." The father now appeals, contending that Family Court erred by dismissing his custody modification petition and granting custody of the child to the grandparents without an evidentiary hearing.

Family Court's order must be modified. Initially, we note that the various procedural irregularities asserted by the Law Guardian and the mother in an attempt to have this Court affirm Family Court's order, besides lacking any support in the record, ignore the essential issue that Family Court deprived a biological parent of custody of his child without the benefit of a hearing (*see, Matter of D'Entrèmont v D'Entremont*, 254 AD2d 576, 576-577) or a finding of the existence of extraordinary circumstances (*see, Matter of Charles C. v Barbara M.*, 254 AD2d 778, 778; *Matter of Cannon v Armstrong*, 212 AD2d 945, 946).

It is well settled that "as between a biological parent (parent) and a nonbiological parent (nonparent), the parent has a superior right to custody that cannot be denied unless the nonparent can establish that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances'" (*Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 291, quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544). Proof of the existence of such extraordinary circumstances rests with the nonparent (*see, Matter of Michael G.B. v Angela L.B., supra* at 291), and even assuming that the father consented to the November 1999 Family Court order that granted joint custody of the child to the mother and the grandparents, that consent order alone does not provide the requisite extraordinary circumstances (*see, Matter of McDevitt v Stimpson*, 281 AD2d

---

* The Tioga County Department of Social Services also consented to the order. The mother was under Department supervision as a result of an order of fact finding and disposition in a Family Court Act article 10 proceeding involving the neglect of this child and her other child by another father.

860, 861-862). Consequently, Family Court had no basis to issue its July 2000 order awarding custody to the grandparents without an evidentiary hearing and a necessary preliminary finding that the father relinquished his right to custody because of extraordinary circumstances (*see, Matter of Bennett v Jeffreys, supra* at 544). The matter must be remitted to Family Court for a hearing on all three petitions.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the petitions in proceeding Nos. 2 and 3; matter remitted to the Family Court of Tioga County for further proceedings not inconsistent with this Court's decision and, pending a hearing on this matter, the terms and conditions of the November 22, 1999 order, to the extent that it grants physical custody of the child to James Orshal and Beverly Orshal and visitation to Michael L. Stiles, shall be continued in full force and effect until further order of the Family Court; and, as so modified, affirmed.

