■ In the Matter of JOHN YY., Respondent, v SHANNON ZZ., Appellant. SHANE X. et al., Appellants. [746 NYS2d 526] — Mercure, J.

Petitioner is the father and respondent is the mother of a son born on February 10, 2002. Although the parties had cohabited for some time and were together throughout substantially all of respondent's pregnancy, their relationship came to an end and they separated but a few weeks prior to

the birth of the child. Petitioner contends that when he arrived at the hospital on the day of the delivery, he learned for the first time that respondent intended to place the child out for adoption and in fact had already initiated the adoption process. The following day, petitioner filed petitions for a declaration of his paternity of the child and for custody of the child. Two days later, respondent signed an extrajudicial surrender allowing the child to be placed in the home of Shane X. and Lisa X., the proposed adoptive parents.[1] On February 16, 2002, the proposed adoptive parents filed a petition for adoption of the child.

The matter was set down for an April 11, 2002 hearing on the issue of paternity. Following testimony by respondent's husband concerning his lack of relations with respondent during the critical period and respondent's own testimony acknowledging that petitioner was the father of the child, Family Court made a declaration of paternity. Then, at the request of petitioner, with the consent of the Law Guardian but over respondent's objection, Family Court granted petitioner temporary custody of the child. This Court then granted respondent permission to appeal, a Justice of this Court granted respondent's motion for a stay pending determination of the appeal, and the appeal was put on an expedited briefing schedule and set down for the May 2002 term.

The sole contention advanced on appeal is that Family Court erred in granting petitioner temporary custody of the child without first conducting an evidentiary hearing determining (1) the best interests of the child and (2) petitioner's right to veto the adoption pursuant to Domestic Relations Law § 111 (1) (e) and *Matter of Raquel Marie X.* (76 NY2d 387, *cert denied sub nom. Robert C. v Miguel T.*, 498 US 984). We disagree. First, given respondent's conditional surrender of the child and petitioner's status as biological parent, giving him a right to custody superior to all others (*see, Matter of Michael B.*, 80 NY2d 299, 309; *Matter of Alex LL. v Albany County Dept. of Social Servs.*, 270 AD2d 523, 526-527), there was no basis for any "best interests" analysis in connection with Family Court's determination of the custody petition, especially in the absence of a cross petition for custody by respondent. Furthermore, no

---

1. The surrender provided that it would be "null and void" and that custody of the child would revert to respondent in the event that petitioner sought custody of the child.

party asserted as an affirmative defense[2] to the custody petition that petitioner's "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" warranted an award of temporary or permanent custody to any other party (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544), an issue on which the parties opposing the petition have the burden of proof (*see, Matter of Stiles v Orshal*, 290 AD2d 824, 825).

The claim that Family Court should not have made an award of temporary custody prior to conducting a hearing pursuant to Domestic Relations Law § 111 (1) (e) and *Matter of Raquel Marie X. (supra)* is now moot. Family Court conducted such a hearing during the pendency of the appeal and, on the basis of the evidence adduced at that hearing, determined that petitioner's consent to the adoption was required and had not been given and, therefore, dismissed the petition for adoption.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

(August 15, 2002)

---

**2.** Contrary to respondent's assertion, we see nothing in Family Court Act § 154-b that would preclude an answer to a custody petition.