■ In the Matter of GLORIA L. DEPUY-WADE, Respondent, v LAWRENCE WADE, Appellant. [748 NYS2d 802] —Carpinello, J. Appeal from an order of the Family Court of Greene County (Pulver, Jr., J.), entered August 10, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

In July 2001, after respondent began serving a prison sentence of 1½ to 3 years, petitioner applied for sole custody of the parties' child, who was born in 1988. The petition alleged that, in addition to his incarceration, respondent has a violent nature, drinks alcohol, uses drugs and had previously caused physical injury to the child. Family Court appointed a Law Guardian and respondent submitted an affidavit in which he questioned why a Law Guardian had been appointed and consented to petitioner having temporary sole custody until his release from prison. Respondent also denied petitioner's allegations of misconduct, alleged that he had been a loving and caring father and that he intended to resume his parental role upon his release. He requested that he be transported to court for the hearing on the petition.

Petitioner and the Law Guardian appeared in Family Court on the petition and, during a colloquy with the court, the Law Guardian reported that she had interviewed the child, who was afraid of respondent and wanted nothing to do with him. The Law Guardian thereupon requested that the petition be granted. The court did so, and also denied visitation and respondent's written request to be transported to court. Respondent appeals.

Although no hearing is required on a custody petition when the court possesses sufficient information with which to make a comprehensive, independent assessment of the best interests of the child (*see Matter of Glenn v Glenn*, 262 AD2d 885, 887, *lv dismissed and denied* 94 NY2d 782), the only undisputed in-

formation possessed by Family Court in this case was respondent's incarceration. As a result of that incarceration, respondent was clearly incapable of fulfilling the obligations of a custodial parent during the period of his incarceration (*see Matter of Randy K. v Evelyn ZZ.*, 263 AD2d 624, 625). Unfortunately, the order at issue is not so limited. In light of the fact that respondent contested petitioner's allegations regarding his fitness as a parent, asserted his intent to resume his parental role upon his release from prison and requested that he be present for a hearing on the custody petition, we find that Family Court erred in entering a final order of permanent custody without a hearing (*see Matter of D'Entremont v D'Entremont*, 254 AD2d 576, 577; *Matter of Damien X.*, 217 AD2d 762, 763-764).

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, matter remitted to the Family Court of Greene County for further proceedings not inconsistent with this Court's decision and, pending further order of the Family Court, the order entered August 10, 2001 shall be deemed a temporary order and remain in force and effect.