■ In the Matter of ANNE MARIE SCALA, Appellant, v JUDY PARKER, Respondent. [757 NYS2d 622] —Cardona, P.J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered June 16, 2000, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner's child was born in January 1991. Shortly thereafter, she and the child's father went to New Jersey to live with respondent, the child's paternal grandmother. After six months, petitioner and the child moved to Chenango County. Each summer thereafter, the child spent a month with respondent. In 1997, the child went to live with the father at respondent's home. Thereafter, a consent order awarded joint custody to the parents with the father having primary physical custody. After the father left respondent's home, the parties herein each petitioned Family Court for custody. A May 3, 1999 consent order granted the parties joint custody with primary physical custody to respondent in New Jersey and visitation to petitioner. In December 1999, petitioner filed two petitions, alleging violations of visitation and requesting sole custody.[1] Following a hearing, Family Court, among other things, granted respondent sole custody and provided visitation to petitioner, prompting this appeal.

1. The child's father was not named as a party, despite plain language on the petition form that both parents must be parties. Although the parties "stipulated" at trial that the father was "not in the picture" and had "foregone

It is clear that, as between a biological parent and a nonparent, the parent has a superior right to custody which cannot be denied unless the parent has relinquished that right through "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *see Matter of Stiles v Orshal*, 290 AD2d 824, 825 [2002]; *see also Matter of McDevitt v Stimpson*, 281 AD2d 860, 861 [2001]). Only after the threshold of extraordinary circumstances has been satisfied does the court address what custodial arrangement is in the child's best interests (*see Matter of Bennett v Jeffreys, supra* at 544; *Matter of Kreger [Baker] v Newell*, 221 AD2d 630, 631 [1995]).

Here, inasmuch as the issue of extraordinary circumstances was not previously adjudicated and the consent order alone does not provide the requisite extraordinary circumstances (*see Matter of Stiles v Orshal, supra* at 825; *Matter of McDevitt v Stimpson, supra* at 861), that threshold issue was properly explored at trial. The burden of proving such extraordinary circumstances rests with the nonparent (*see Matter of Stiles v Orshal, supra* at 825; *Matter of Burghdurf v Rogers*, 233 AD2d 713, 714 [1996], *lv denied* 89 NY2d 810 [1997]). Contrary to petitioner's argument, the fact that Family Court required petitioner to present her proof first did not shift that burden to petitioner. Notably, the issue was thoroughly discussed and the record reflects that the court and parties were aware that respondent bore the burden of proof regardless of the order of presentation.

Turning to the merits, we find that Family Court properly determined that respondent proved the existence of extraordinary circumstances. The court's factual findings are entitled to great deference as it is in the best position to view the witnesses and assess their credibility (*see Fletcher v Young*, 281 AD2d 765, 767 [2001]). Family Court appropriately explained its basis for finding extraordinary circumstances, citing, among other things, the educational neglect of the child by petitioner when he was previously in her custody by allowing him to miss over 75 days of school in one school year, her frequent changes in residence and failure to provide the child with a sanitary home and adequate food. Family Court noted petitioner's criminal history, her voluntary placement of the child with respondent, her failure to follow through with visitation or make efforts to contact the child. The proof further indicated petitioner's general failure to focus on parenting. Additionally,

---

his right to custody," the issue of whether the father is bound in any way by these proceedings is clearly not before us.

the record contains proof of three indicated reports filed against petitioner by the Chenango County Department of Social Services concerning allegations of educational neglect and improper guardianship. Given this and other proof in the record, we find no basis to disturb Family Court's finding of extraordinary circumstances.

Turning next to petitioner's allegation that joint custody is no longer feasible and sole custody should be awarded to her, we are unpersuaded that Family Court erred in awarding sole custody to respondent. It is apparent in this record that nonexistent or poor communication and cooperation between the parties concerning all matters integral to this child's best interests rendered the continuation of joint custody inappropriate (*see Matter of Oldfield v Robinson*, 267 AD2d 530 [1999]; *Matter of Morehouse v Morehouse*, 251 AD2d 710 [1998]). Having decided that joint custody was not feasible, it was incumbent upon Family Court to determine a custodial arrangement based upon the best interests of the child despite the absence of a cross petition by respondent seeking sole custody (*cf. Matter of Oldfield v Robinson, supra*).[2] Based upon the totality of the circumstances set forth in this record, including evidence relating to the stability provided by respondent for the child, the fact that he has thrived under her care and the Law Guardian's recommendation, we find that the court properly determined that sole custody to respondent was in the child's best interests.

Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

**2.** Contrary to petitioner's argument, Family Court clearly had jurisdiction of the custody issue through her petition (*cf. Matter of Oldfield v Robinson, supra* at 530), and she cannot argue that she had no notice that the issues of joint and sole custody were at issue in the proceeding (*see e.g. Matter of Fisk v Fisk*, 274 AD2d 691, 692 [2000]).