■ In the Matter of BONNALEE VANN, Respondent, v CHRISTOPHER HERSON et al., Appellants. (And Two Other Related Proceedings.) [768 NYS2d 44]—

Cardona, P.J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered July 3, 2001, which, inter alia, granted petitioner's application, in three proceedings

pursuant to Family Ct Act article 6, for custody of respondents' child.

Respondent Williamina Clark and respondent Christopher Herson, who never married, are the parents of Mianna (born in 1998). Petitioner is Mianna's paternal grandmother. In September 2000, Herson petitioned for custody of the child and, in November, Clark cross-petitioned for the same relief. Thereafter, in April 2001, petitioner applied for custody and all three petitions were heard together commencing in April 2001. In June 2001, Family Court rendered a decision awarding custody to petitioner resulting in this appeal by both parents.

Initially, we find no merit to Clark's contention that Family Court should have recused itself based upon an appearance of impropriety allegedly arising from the court's receipt of an intra-office memorandum from his confidential law secretary.* There is no evidence in this record that receipt of that memorandum resulted in bias or prejudice in Family Court's determination of the issues before it. Family Court based its decision on the facts established during the hearing and made an objective determination which relied upon appropriate legal criteria (see People v Moreno, 70 NY2d 403, 406 [1987]).

Next, we address Clark's argument that Family Court erred when it joined petitioner's custody petition with hers and Herson's 10 days before the scheduled hearing. We do not agree. Prior to the dismissal in February 2001 of a previous custody petition filed by petitioner, both an investigation of the suitability of her home and a psychological evaluation were completed and those reports were made available to all counsel. Furthermore, Clark's counsel was afforded an opportunity to apply for additional discovery if needed. In our view, there is no demonstration herein that Clark's counsel was prejudiced in her ability to prepare for the hearing. We note that the three custody petitions shared common issues of fact and law and were, thus, properly joinable for trial (see Family Ct Act § 165 [a]; CPLR 602 [a]; Harby Assoc. v Seaboyer, 82 AD2d 992, 993 [1981]).

Turning to Family Court's custody award to petitioner, it is well established that a biological parent has a superior right to the custody of his or her child, which may not be displaced by an award of custody to a nonparent, absent a showing that the parent relinquished his or her right through "surrender, abandonment, unfitness, persisting neglect or other extraordi-

---

* It appears that the confidential memorandum was included among the court papers released to the parties for preparation of the record on appeal.

nary circumstance" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *see Matter of Scala v Parker*, 304 AD2d 858, 859 [2003]). In the event the threshold of extraordinary circumstances is satisfied, a court then proceeds to determine custody through application of the best interest standard (*see Matter of Bennett v Jeffreys, supra* at 544; *Matter of Scala v Parker, supra* at 859). Here, Family Court found unfitness of both parents, which satisfied the extraordinary circumstance criteria, and that finding is supported in this record.

At the time of the hearing, Herson, then 20 years old, was incarcerated serving a sentence for criminal possession of a controlled substance in the seventh degree. He was, therefore, incapable of fulfilling the obligations of a custodial parent (*see Matter of Depuy-Wade v Wade*, 298 AD2d 655, 656 [2002]; *Matter of Randy K. v Evelyn ZZ.*, 263 AD2d 624, 625 [1999]). Even though he was scheduled for release on September 25, 2001, his testimony revealed an inability to take full charge of Mianna upon his release. Despite admitted problems with selling and using drugs, which began when he was 15, Herson elected to terminate his participation in the City of Ithaca Drug Court program rather than complete his treatment for substance abuse and domestic violence. Therefore, his continued lack of insight into his problems and the absence of sufficient proof of employment made it unlikely that he could provide a suitable home for his daughter upon release.

Clark was 22 years of age at the time of the hearing. She had two psychiatric hospitalizations, one in June 1999 and the other in September 2000. She was discharged from each with recommendations that she obtain outpatient treatment, however, she did not begin counseling until the commencement of the custody proceeding. Furthermore, there was evidence establishing several instances of irrational behavior which called into question her perception of reality and sense of judgment. Among those established were her false report during a 911 call that she had taken five hits of LSD, a false report that Herson had sexually abused Mianna and allowing Mianna to stay with Herson and his roommates knowing that they dealt and possessed drugs.

Kay Sharp, a licensed psychologist, who performed a court-ordered psychological evaluation, diagnosed Clark as borderline functioning, suffering from delusional disorder persecutory type and obsessive compulsive disorder. Although Sharp opined that the nature of Clark's illness did not automatically mean she would be at risk of harming her daughter, Sharp emphasized that she did not evaluate Clark's parenting ability and could not exclude that risk if Clark's mental condition remained un-

treated. At one point, Clark testified that she only needed to take her medication when *she* thought it was necessary and not as prescribed. Sharp confirmed that sporadic use of her medication would not help to eliminate Clark's psychosis. There was also testimony that Clark's disorder could create a tendency to isolate Mianna from interaction with other people. As for support, it appears that Clark's only plan, after losing her employment, was to apply for Social Security disability benefits and depend upon her family for future income. Under all the circumstances, we cannot say that Family Court erred in finding unfitness.

Having satisfied the extraordinary circumstances requirement and according great deference to its factual findings and credibility assessments (*see Matter of Scala v Parker, supra* 859), we find that Family Court properly analyzed Mianna's best interest and made an appropriate award to petitioner. Petitioner offered a stable, loving and supportive home for Mianna in which she appears to be thriving and demonstrated that she can provide for Mianna's intellectual, emotional and developmental needs (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]). She is gainfully employed and has arranged suitable daycare which will provide opportunities for social and educational development. Finally, petitioner acknowledged the importance of encouraging and cooperating in the visitation arrangements for both parents. Under all the circumstances, we find no basis to disturb Family Court's determination.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.