In the Matter of CHRISTINE VAN ORMAN, Respondent, v ALBERT VAN ORMAN, Appellant. [796 NYS2d 498]—

Appeal from an amended order of the Family Court, Cayuga County (Mark H. Fandrich, J.), entered August 21, 2003 in a proceeding pursuant to Family Court Act article 6. The amended order, among other things, granted petitioner sole custody of the children and dismissed respondent's petition without prejudice.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified on the law by vacating the condition that respondent provide proof that his mental health issues have stabilized prior to refiling a petition for custody and visitation and as modified the amended order is affirmed without costs.

Memorandum: Family Court properly granted the petition of petitioner-respondent mother (hereafter, petitioner) for sole custody of the parties' two children and dismissed the petition of respondent-petitioner father (hereafter, respondent) for custody and visitation without a hearing. At that time, respondent was incarcerated in New York and was also held upon a detainer issued from the Commonwealth of Massachusetts. No hearing is required upon a custody petition when the court possesses sufficient information to make a comprehensive assessment of the best interests of the children (*see Matter of Glenn v Glenn*, 262 AD2d 885, 887 [1999], *lv dismissed in part and denied in part* 94 NY2d 782 [1999]; *cf. Matter of Mills v Sweeting*, 278 AD2d 943, 944 [2000]). As a result of his incarceration, respondent was incapable of fulfilling the obligations of a custodial parent (*see Matter of Vann v Herson*, 2 AD3d 910, 912 [2003]; *Matter of Randy K. v Evelyn ZZ.*, 263 AD2d 624, 624-625 [1999]). The court therefore properly dismissed respondent's petition, without prejudice to the right of respondent to refile when he is released from incarceration (*see Randy K.*, 263 AD2d at 625).

The court erred, however, in adding a condition that respondent provide proof that his mental health issues have stabilized prior to refiling. Petitioner's attorney did not move for dismissal upon that ground, and the court's oral decision granting petitioner's motion did not include such a condition. The inclusion of that condition in the written order is therefore in conflict with the court's decision and, "[w]here there is a conflict between an order and a decision, the decision controls" (*Matter of Edward V.*, 204 AD2d 1060, 1061 [1994]). In addition, despite numerous allegations that respondent had mental health issues, there is no evidence in the record before us to support a determination that respondent suffered from a mental health condition that would prohibit him from obtaining custody of, or visitation with, his children. Thus, we modify the amended order accordingly to conform to the decision (*see generally Matter of King v King*, 309 AD2d 1207, 1208 [2003]). Present—Martoche, J.P., Smith, Lawton and Hayes, JJ.