In the Matter of GIONNA L., an Infant. BRUCE E. et al., Respondents; NATHANIEL N., Appellant. NEW HOPE FAMILY SERVICES, INC., Respondent. [824 NYS2d 182]—

Mercure, J.P. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered July 18, 2005, which granted petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, to find that respondent's consent was not required for the adoption of Gionna L.

Respondent is the biological father of Gionna L. (born in 2004). Shortly after the child's birth, her mother executed a judicial surrender, agreeing to place the child with New Hope Family Services, Inc. so that the child could be placed with prospective adoptive parents. In June 2004, petitioners commenced this Domestic Relations Law article 7 proceeding for adoption of the child. New Hope submitted a verified schedule asserting that respondent's consent to the adoption was not necessary (*see* Domestic Relations Law § 112 [3]). Following a fact-finding hearing, Family Court determined that petitioners could proceed without respondent's consent. Respondent appeals and we now affirm.

The father of a child born out-of-wedlock is entitled to full protection of his relationship with the child, including the right to deny consent to an adoption at birth by strangers, only if he "assert[s] his interest promptly . . . [and] manifest[s] his ability and willingness to assume custody of the child" (*Matter of Raquel Marie X.*, 76 NY2d 387, 402 [1990], *cert denied* 498 US 984 [1990]; *see Matter of Carrie GG.*, 273 AD2d 561, 562-563 [2000], *lv denied* 95 NY2d 763 [2000]). It is not sufficient that the father has "merely [attempted] to block adoption by others" and, in evaluating the father's conduct, the courts may consider

any unfitness, waiver or abandonment, as well as a public acknowledgment of paternity, payment of expenses, and steps taken to establish legal responsibility for the child (*see Matter of Raquel Marie X., supra* at 408).

Here, although respondent and the child's birth mother briefly cohabited early in the pregnancy when she invited respondent to stay in her father's home in South Carolina so that respondent could evade arrest, he is currently serving a prison term of 10 years. Respondent stated at the fact-finding hearing that the mother initially told him that she would abort her pregnancy but, approximately one month before the child's birth, an attorney for New Hope visited him in prison and asked whether he would be willing to consent to the child being adopted; respondent refused to consent. Despite his awareness at that point that the mother intended to permit the child to be adopted, respondent did not discuss the child's future with the mother or pursue the matter with an attorney or New Hope because he believed that, without his consent to adoption, the mother would be forced to raise the child herself. Nevertheless, respondent did not offer any financial support to the mother, asserting that he had not been "required" to do so, and did not inquire about the mother's pregnancy or the child. While respondent did file a paternity petition shortly after the child's birth, he subsequently requested a DNA test because he questioned the mother's admission that he was the father of the child. Moreover, he has not sought to discover the child's whereabouts or inquired regarding where he could send support. Indeed, respondent has done little in the way of planning for the child's future other than expressing his desire to have his own mother, whose custody petition was dismissed due to her failure to appear, care for the child until he is released from prison.

Under these circumstances, we agree with Family Court that respondent's actions constituted "nothing more than an effort to block the adoption by others, rather than [an assumption of] custodial care" (*Matter of Raymond AA. v Doe*, 217 AD2d 757, 761 [1995], *lv denied* 87 NY2d 805 [1995]; *see Matter of Baby Girl U.*, 224 AD2d 869, 870 [1996], *lv denied* 88 NY2d 810 [1996]; *see also Matter of Baby Boy C.*, 13 AD3d 619, 620-621 [2004]; *cf. Matter of John YY. v Shannon ZZ.*, 297 AD2d 442, 442-443 [2002]). Accordingly, respondent's consent to the adoption was not necessary and an affirmance is required here.

Crew III, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.