■ In the Matter of CIERRA L.B., Respondent, v RICHARD L.R., Appellant. [842 NYS2d 664]—

Appeal from an order of the Family Court, Chautauqua County (Willard W. Cass, J.H.O.), entered March 31, 2006 in a proceeding pursuant to Family Court Act article 6. The order granted petitioner sole custody of the parties' child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by remitting the matter to Family Court, Chautauqua County, for a hearing in accordance with the memorandum and as modified the order is affirmed without costs.

Memorandum: Family Court properly granted petitioner mother sole custody of the parties' child without conducting a hearing. "No hearing is required upon a custody petition when the court possesses sufficient information to make a comprehensive assessment of the best interests of the child[ ]" (*Matter of Van Orman v Van Orman*, 19 AD3d 1167, 1168 [2005]). Respondent father was incarcerated when the mother commenced this proceeding and thus was incapable of fulfilling the obligations of a custodial parent (*see Matter of Vann v Herson*, 2 AD3d 910, 912 [2003]).

We further conclude, however, that the court erred in implicitly denying that part of the father's petition seeking visitation without conducting a hearing. "It is generally presumed to be in a child's best interest to have visitation with his or her noncustodial parent and the fact that a parent is

incarcerated will not, by itself, render visitation inappropriate" (*Matter of Davis v Davis*, 232 AD2d 773, 773 [1996]; *see Matter of Thomas v Thomas*, 277 AD2d 935 [2000]). We therefore modify the order by remitting the matter to Family Court for a hearing to determine whether visitation is in the best interests of the child. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Pine, JJ.