Matter of Santos v Muhammed (2019 NY Slip Op 04556)





Matter of Santos v Muhammed


2019 NY Slip Op 04556


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


318 CAF 17-01648

[*1]IN THE MATTER OF JESENIA E. SANTOS, PETITIONER-RESPONDENT,
v
RASHAD MUHAMMED, RESPONDENT-APPELLANT. 






FREDERICK P. LESTER, PITTSFORD, FOR RESPONDENT-APPELLANT.
MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CHELSEA L. PALMISANO OF COUNSEL), FOR PETITIONER-RESPONDENT.
LISA J. MASLOW, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Monroe County (James E. Walsh, Jr., J.), entered June 30, 2017 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner sole custody of the subject children. 
It is hereby ORDERED that said appeal from the order insofar as it concerns visitation is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this custody proceeding pursuant to Family Court Act article 6, respondent father appeals from an order granting petitioner mother sole custody of the parties' children. At the time the mother filed the petition, the father was incarcerated pending trial on charges of rape in the second degree and predatory sexual assault against a child, which stemmed from the impregnation of the mother's teenage daughter from a previous marriage. When the custody order was entered, the father had been incarcerated for approximately eight months. Shortly thereafter, the father was convicted of those charges and sentenced to an indeterminate prison term of 20 years to life.
Preliminarily, we note that the father's contention that Family Court erred in failing to award him visitation with the children has been rendered moot by a subsequent order that, upon his petition, granted him visitation rights (see Matter of Jones v Tucker, 125 AD3d 1273, 1273 [4th Dept 2015]; Matter of Kirkpatrick v Kirkpatrick, 117 AD3d 1575, 1576 [4th Dept 2014]). We therefore dismiss the appeal from the instant order insofar as it concerns visitation.
Contrary to the father's further contention that the court erred in granting the mother sole custody of the children without conducting a hearing, it is well settled that "[n]o hearing is required upon a custody petition when the court possesses sufficient information to make a comprehensive assessment of the best interests of the children" (Matter of Van Orman v Van Orman, 19 AD3d 1167, 1168 [4th Dept 2005]; see Matter of Cierra L.B. v Richard L.R., 43 AD3d 1416, 1416 [4th Dept 2007]; Matter of Stefanie A. v Loral R.H., 41 AD3d 1310, 1310 [4th Dept 2007]). Here, the father's incarceration rendered him "incapable of fulfilling the obligations of a custodial parent" (Van Orman, 19 AD3d at 1168), and we conclude that the court properly granted the mother sole custody of the children without conducting a hearing (see Stefanie A., 41 AD3d at 1310; Van Orman, 19 AD3d at 1168).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court