■ In the Matter of LORI P., Respondent, v SUSAN P., Appellant. [674 NYS2d 137] —Yesawich Jr., J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered March 3, 1995, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner was 17 years old when, in 1991, she gave birth to Brittany Q., the child who is the subject of this proceeding. Thereafter, Brittany's physical abuse by petitioner's then-boyfriend prompted petitioner to leave him and ultimately to return home to live with respondent, her mother. Having been charged with neglect as a result of the abuse incident, petitioner agreed to share legal custody of Brittany with respondent, with the latter to have primary physical custody; a consent order to that effect was entered and the neglect proceeding was terminated. Several months later, petitioner left respondent's residence but continued to visit Brittany.

In November 1992, petitioner began living with David Z.—to whom she subsequently became engaged—and his mother. Apparently finding it difficult and unpleasant to visit with Brittany at respondent's home, petitioner sought and obtained an order permitting visitation at David's house. Then, in December 1993, after petitioner gave birth to a child fathered by David, she petitioned for custody of Brittany, alleging that circum-

stances had changed since the previous custody order was entered. Respondent cross-petitioned for custody, asserting that Brittany had been sexually abused while in petitioner's care.

Following a hearing, Family Court found that the child had, indeed, been sexually abused, but that there was "no proof that the [p]etitioner or anyone with whom she associates" was involved, and "no basis * * * to believe the child's physical or emotional condition will be harmed in [p]etitioner's care". Citing the strong preference for children being raised by their natural parents, and noting that petitioner had satisfied all of the conditions set forth by the Department of Social Services as prerequisites to her regaining custody, the court determined it to be in Brittany's best interest to be reunited with her mother. Petitioner's request for custody was granted and respondent was awarded visitation; this appeal by respondent ensued.

Respondent's primary contention is that the 1992 consent order constitutes a judicial finding of "surrender, abandonment, unfitness, persistent neglect * * * or other equivalent but rare extraordinary circumstance" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 549) sufficient to warrant court consideration of whether it is in Brittany's best interest to remain in her custody, and that the evidence tendered at the hearing— particularly that bearing on the issue of sexual abuse— mandates that conclusion. We disagree.

There is no indication that petitioner intended, by allowing respondent to assume physical custody of Brittany, to permanently surrender her parental rights; indeed, the fact that she continued as joint legal custodian demonstrates otherwise. Nor has there been a judicial finding—and, given Family Court's credibility assessments, one is not called for on this record— that petitioner is unfit or guilty of permanent neglect, gross misconduct, or behavior "evincing utter indifference and irresponsibility" (*Matter of Male Infant L.*, 61 NY2d 420, 427; *see, Matter of Gray v Chambers*, 206 AD2d 619, 620), such that she should be deemed to have forfeited her right to continue in the parental role (*see, Matter of Bennett v Jeffreys, supra,* at 548-549). Since respondent has not proven, as a threshhold matter, that the prevailing circumstances are sufficiently extraordinary as to "drastically affect the welfare of the child" (*id.,* at 549), inquiry into whether the parent should be displaced is not even appropriate (*see, Matter of Cannon v Armstrong*, 212 AD2d 945, 946; *Matter of Gray v Chambers, supra,* at 620-621; *Matter of Judware v Judware*, 197 AD2d 752, 753).

Respondent's remaining argument, that Family Court erred in failing to order more extensive use of the auxiliary services at its disposal (*see, e.g.,* Family Ct Act § 251), is also unconvincing. The thrust of this complaint appears to be that the court did not do more to substantiate respondent's claims that the child was being sexually abused by petitioner or her housemates. Respondent does not, however, point to any service that she requested and was denied. Further, the Law Guardian appointed for the child ably represented her interests throughout the proceedings. Parenthetically, we note that while the court directed that both parties and the child submit to psychological evaluations, and petitioner apparently was not interviewed, respondent's attorney neither objected nor insisted that the decision be postponed until the ordered assessment could be completed. And, given the child's refusal to discuss any abuse or "touching problems" during the course of several attempts by professionals to elicit such information, Family Court cannot be faulted for failing to order additional, similar "evaluations". In sum, the court acted reasonably, given all the circumstances, to obtain the information necessary to arrive at an appropriate decision without unduly delaying the same.

Cardona, P. J., Mikoll, Mercure and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.