(March 29, 2001)

■ In the Matter of ELIZABETH A. McDEVITT, Respondent, v ERNEST STIMPSON, Respondent, and KIMBERLY STIMPSON, Appellant. [722 NYS2d 615] —Spain, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered August 8, 1999, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of respondents' child.

Respondent Ernest Stimpson (hereinafter the father) and respondent Kimberly Stimpson (hereinafter respondent) are the parents of a child born in 1995. Thereafter, respondent and the father were married. From the time the child was born, he stayed with petitioner—who is the child's paternal grandmother—from Thursday afternoons until Monday afternoons. Constant marital difficulties between respondent and the father ultimately led petitioner to file for custody of the child, which resulted in an August 1998 consent order giving all parties joint custody with petitioner having physical custody and respondent and the father having open and liberal custodial visitation.

In September 1998, respondent filed a modification petition requesting that she and the father be given joint custody and that petitioner be granted rights of visitation. Respondent and the father separated later that month and the father ceased involvement in these proceedings. Petitioner thereafter filed a

cross petition for violation of the August 1998 custody order on the ground that respondent had failed to return the child after a period of visitation.

Family Court heard testimony on both petitions and found, *inter alia*, that petitioner was more available to provide for the emotional and intellectual growth of the child, had a superior ability to provide for such growth and that the quality of the home environment of petitioner was more positive than that of respondent. The court therefore awarded custody of the child—on best interest grounds—to petitioner and set separate visitation schedules for respondent and the father. In its decision, Family Court specifically rejected respondent's assertion that she—as a biological parent—has a right to custody superior to that of petitioner (*see, Matter of Bennett v Jeffreys*, 40 NY2d 543, 544) because of respondent's consent to the August 1998 order granting physical custody to petitioner. Respondent appeals.

We agree with respondent's contention that the order granting petitioner custody should be reversed because Family Court immediately addressed the issue of the child's best interest without any threshold finding of extraordinary circumstances. "Although no parent has an absolute right to custody of a child * * * it is settled law that, as between a biological parent (parent) and a nonbiological parent (nonparent), the parent has a superior right to custody that cannot be denied unless the nonparent can establish that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Michael G. B. v Angela L. B.*, 219 AD2d 289, 291, quoting *Matter of Bennett v Jeffreys, supra*, at 544; *see, Matter of Cole v Goodrich*, 272 AD2d 792, 793, *lv denied* 95 NY2d 874; *Matter of Gray v Chambers*, 206 AD2d 619, *lv denied* 87 NY2d 811). "The nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child [citations omitted]" (*Matter of Michael G. B. v Angela L. B., supra*, at 291). Significantly, "[t]he foregoing rule applies even if there is an existing order of custody concerning that child unless there is a prior determination that extraordinary circumstances exist" (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981; *see, Matter of Cole v Goodrich, supra*, at 793).

We reject petitioner's contention that respondent voluntarily surrendered her rights to custody by her consent to the previous order, thus enabling Family Court to inquire directly into the child's best interest. This Court has held—in a modification

of a prior custody order case—that a consent order, standing alone, does not constitute a judicial finding of surrender, abandonment, unfitness, neglect or other extraordinary circumstances to warrant a best interest analysis (*see, Matter of Lori P. v Susan P.*, 243 AD2d 817, 818-819). Notably, when determining whether extraordinary circumstances exist, factors to be considered under the totality of the circumstances include the overall length of time the child has lived with the nonparent and the quality of that relationship, the particular circumstances existing at the time the parent consented to custody with the nonparent, the length of time the parent allowed such a consent order to continue without attempting to assume the primary parental role and the specific provisions and conditions, if any, of the consent order—including whether the order sought to be modified is temporary or permanent (*see, Matter of Male Infant L.*, 61 NY2d 420, 428-429).

Thus, we deem it appropriate to remit the matter to Family Court for an analysis of these factors and a reasoned determination as to respondent's fitness as a parent or other extraordinary circumstances. Moreover, given the lack of focus on the appropriate analysis during the hearing, upon remittal the court may wish to take additional proof on this issue, particularly in light of the record evidence that, as of the initial hearing, respondent continued to be the victim of domestic violence and that a significant length of time has elapsed since the court's initial determination.

Cardona, P. J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Warren County for further proceedings not inconsistent with this Court's decision.