■ In the Matter of DIANE FF., Appellant, v FAITH GG., Respondent. [737 NYS2d 437] —Crew III, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered February 10, 2000, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody.

Petitioner is the mother of George, born in September 1994. In March 1998, the Fulton County Department of Social Services removed George from petitioner's custody, placed him in foster care and filed a neglect petition alleging inadequate supervision. Concurrently therewith, petitioner was charged in Fulton County Court with endangering the welfare of a child. In June 1998, petitioner consented to a finding of neglect based upon her admission that she left George in the care of inappropriate caretakers and that she failed to keep her home in a safe and sanitary condition. The dispositional order awarded custody of George to his father, Gary GG.

During October 1998, George and his father moved into the home of respondent (the father's sister). In January 1999, petitioner pleaded guilty to endangering the welfare of a child and was sentenced to three years' probation. Shortly thereafter, respondent petitioned for custody of George alleging that his father was no longer capable of caring for him. Based upon petitioner's consent, respondent was awarded custody and petitioner was granted visitation. In June 1999, however, petitioner commenced the instant proceeding seeking custody of George.* Following a hearing, Family Court denied petitioner's application and this appeal ensued.

---

\* Gary GG., was named as a respondent and initially appeared and objected to the requested relief. He failed to appear at trial, however, and his counsel was permitted to withdraw.

Petitioner contends that Family Court erred in its threshold determination that extraordinary circumstances existed. We disagree. It is now abundantly clear that in a dispute over custody between a parent and a nonparent, the parent has a superior right to custody and cannot be denied that right absent a showing of surrender, abandonment, persistent neglect, unfitness or other like extraordinary circumstances affecting the welfare of the child (*see, e.g., Matter of McDevitt v Stimpson*, 281 AD2d 860, 861). In this regard, the nonparent bears the burden of proving such extraordinary circumstances (*see, id.*).

Here, in addition to establishing the prior neglect adjudication against petitioner, respondent came forward with proof of petitioner's conviction for endangering the welfare of a child, her voluntary relinquishment of custody, her failure (although gainfully employed) to contribute to the financial support of her son while he was in respondent's custody, her refusal to communicate in any meaningful way with respondent regarding matters affecting the child's welfare, her reluctance to participate in counseling sessions and her engagement in sexual activities in the child's presence. Additionally, the record reflects that a murder occurred in petitioner's home while the child was present therein, that petitioner was the subject of an indicated hotline report of neglect during the course of the instant custody proceeding and, finally, that petitioner continued to allow George to bathe with his older sister despite being made aware of the fact that the two were engaging in inappropriate sexual contact at such times. In our view, such evidence amply supports Family Court's finding of extraordinary circumstances, thereby justifying its best interest analysis. With regard to Family Court's determination that it is in George's best interest to remain in respondent's custody, the court's findings on this point have a sound and substantial basis in the record and, as such, will not be disturbed (*see, e.g., Matter of Breitung v Trask*, 279 AD2d 677, 678).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.