■ In the Matter of BRENDA L. LEWIS, Appellant, v KAREN E. JOHNSON, Respondent. [756 NYS2d 310] —Crew III, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered November 20, 2001, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner is the biological mother of two children, Richard (born in 1990) and Carole Anne (born in 1992). It appears that petitioner voluntarily placed the children in foster care in August 2000 and, by order entered October 4, 2000, Family Court transferred custody of the children to the Broome County Department of Social Services. The following day, custody of Richard was granted to respondent, the child's maternal aunt, again with petitioner's apparent consent. Although not entirely

clear from the record, the apparent motivation for this transfer in custody was petitioner's then impending entry into a residential treatment program for alcohol abuse, during which time she did not wish for her son to remain in foster care. The circumstances leading up to the children's initial placement in foster care are not evident from the record.

In June 2001, petitioner commenced the instant modification proceeding seeking the return of her son and alleging a change in circumstances—namely, the completion of her rehabilitation program. A hearing then ensued, at which only petitioner and her addiction case manager appeared and testified. Although respondent was present at the hearing, she was not represented by counsel and did not testify. At the conclusion of the hearing, Family Court denied petitioner the requested relief finding the existence of extraordinary circumstances sufficient to deprive her of custody of Richard and, further, that it was in Richard's best interest to remain in respondent's custody. This appeal by petitioner ensued.

As the case law makes abundantly clear, a biological parent has a right to custody of his or her child, superior to that of all others, absent "surrender, abandonment, persist[ing] neglect, unfitness or other like extraordinary circumstances" (*Matter of Diane FF. v Faith GG.*, 291 AD2d 671, 672). Notably, this rule applies " 'even if there is an existing order of custody concerning [the] child unless there is a prior determination that extraordinary circumstances exist' " (*Matter of McDevitt v Stimpson*, 281 AD2d 860, 861, quoting *Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981; *see Matter of Cannon v Armstrong*, 212 AD2d 945, 946).[1] Thus, Family Court appropriately applied the two-prong extraordinary circumstances and best interest test to petitioner's application for a modification of the prior order of custody. Family Court failed, however, to address in any meaningful detail what extraordinary circumstances it found to exist, the evidentiary basis for such findings and/or why it was in Richard's best interest for custody to remain with respondent. Although extraordinary circumstances may exist and it may be in the child's best interest to remain in respondent's custody, the conclusory nature of Family Court's oral bench decision, coupled with the scant record before us,[2] effectively precludes intelligent appellate review of the underlying custody determination (*compare Matter of Titus*

---

1. There is nothing in the record to suggest that Family Court previously made such a finding here.

2. To her credit, the Law Guardian assigned to this appeal recognized the deficiencies in the record and successfully moved before this Court to supple-

*v Guzzey*, 244 AD2d 684, 685 n, *appeal dismissed* 91 NY2d 922, *cert denied* 523 US 1139). Accordingly, we deem it appropriate to remit this matter to Family Court for a new hearing, at which respondent will bear the burden of demonstrating the existence of extraordinary circumstances sufficient to deprive petitioner of custody of her son (*see Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 292; *see also Matter of Diane FF. v Faith GG.*, 291 AD2d 671, 672).³ During the pendency of such proceedings, custody of Richard shall remain with respondent.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.

ment the record on appeal. Notwithstanding the additional submissions provided, significant gaps in the record remain. As noted previously, the record is silent as to the basis for and extent of the Broome County Department of Social Services' involvement in this matter. Although one of the Department's caseworkers was present at the custody hearing, she did not testify and no documentary evidence from the Department was received into evidence. While the record indeed reveals that petitioner has a history of alcohol and substance abuse, the extent to which such conditions impaired her ability to effectively parent her children is not readily discernible. Additionally, during the course of the custody hearing, Family Court took judicial notice of "its prior orders involving the mother and her children." While such orders may have played some role in Family Court's finding of extraordinary circumstances, it is unclear as to which orders Family Court was referring and/or whether such orders are now contained in the record on appeal.

3. In this regard, although Family Court employed the correct legal analysis, a review of the record reveals that the court incorrectly placed the burden of proof upon petitioner. Finally, we note in passing that it is unclear whether respondent was advised of her right to assigned counsel at the hearing (*see* Family Ct Act § 262 [a] [iii]).