■ In the Matter of DELPHINA MOORE, Appellant, v DOUGLAS ST. ONGE et al., Respondents. [761 NYS2d 551] —Peters, J. Appeal from an order of the Family Court of Madison County (Di Stefano, J.), entered May 28, 2002, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

As here relevant, petitioner is the mother of three minor children. By order of Family Court dated February 1999, sole custody of these children, with liberal visitation to petitioner, was granted to respondents, the paternal grandparents, upon the consent of petitioner and the children's father. In September 2001, petitioner commenced a modification proceeding seeking custody of the children based upon a change in circumstances. At the hearing, she testified that at the time she agreed to the prior custody order she had just been released from the hospital due to an attempted suicide, she was not represented by counsel and no hearing ensued. Petitioner detailed the positive aspects of her life and her completion of both an anger management and parenting class mandated by a prior court order. She expressed concern regarding the access that she has been provided to her children, asserted that she had exercised regular and consistent visitation and detailed her arrangements to secure a larger apartment should custody

be awarded to her. At the conclusion of a hearing, Family Court dismissed petitioner's application by finding that the issue of extraordinary circumstances had already been established by the prior order of custody and that it was in the best interests of the children to remain with respondents. Petitioner appeals and we reverse.

Extraordinary circumstances, a burden which rests with the nonparent (*see Matter of Stiles v Orshal*, 290 AD2d 824, 825 [2002]), is a threshold issue that Family Court must determine before addressing the custodial arrangement that would be in the best interests of the children (*see Matter of Scala v Parker*, 304 AD2d 858, 858-859 [2003]; *Matter of Lewis v Johnson*, 302 AD2d 756, 757 [2003]; *Matter of McDevitt v Stimpson*, 281 AD2d 860, 861 [2001]). As it is settled that an existing "consent order, standing alone, does not constitute a judicial finding of surrender, abandonment, unfitness, neglect or other extraordinary circumstances" (*Matter of McDevitt v Stimpson, supra* at 862; *see Matter of Scala v Parker, supra* at 624; *Matter of Stiles v Orshal, supra* at 825), Family Court's presumption that the prior order established this predicate basis was error. Moreover, we find this record insufficient to warrant "intelligent appellate review of the underlying custody determination" (*Matter of Lewis v Johnson, supra* at 757-758); there is no information detailing the involvement of the Oneida County Department of Social Services, the reasons that petitioner was court-ordered to take both parenting and anger management classes or the circumstances surrounding her attempted suicide. Accordingly, we remit this matter to Family Court (*see Matter of McDevitt v Stimpson, supra* at 862). During the pendency thereof, custody will remain with respondents.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Madison County for further proceedings not inconsistent with this Court's decision.