Spain, J.
Appeal from an order of the Family Court of Warren County (Austin, J.), entered November 20, 2001, which, inter alia, denied respondent Kimberly Stimpson’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Respondents are the parents of a child born in May 1995. They married in October 1997 and separated the following year, divorcing in 2001. In 1998, petitioner, the child’s paternal grandmother, filed for custody, having cared for him since birth in her home with the help of her husband (who died in 2001), a minimum of four uninterrupted days every week. In August 1998, the parties agreed to a final consent order giving petitioner physical custody with joint custody in all parties, the parents having open and liberal visitation. In September 1998, respondent Kimberly Stimpson (hereinafter the mother) filed a modification petition requesting that she and respondent Ernest Stimpson (hereinafter the father) be given joint custody with visitation rights to petitioner; petitioner filed a cross petition alleging that the mother violated the consent order by refusing to return the child after a visitation. Thereafter, a lengthy hearing was held at which the parties and other witnesses testified, including the mental health social worker who had interviewed, observed and evaluated the parties and the child, and various documents were received, including the social worker’s forensic report.
Family Court awarded custody of the child to petitioner employing a best interest analysis. The mother was awarded visitation with the child three out of every four specified weekends from Saturday at noon to Sunday at 6:00 p.m. and major holidays, and open and liberal telephone contact; the father, who had appeared personally on October 2, 1998 but not thereafter, received reasonable visitation. On the mother’s appeal, we reversed and remitted, finding that Family Court had failed to make the threshold finding of extraordinary circum *812 stances (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]) necessary to justify an award of custody to a nonparent over the biological parent, prior to addressing the child’s best interest (281 AD2d 860 [2001]).
Upon remittal, Family Court conducted several days of hearings at which all of the parties again testified and other current testimony and updated documentary evidence were adduced addressing the parents’ circumstances, the parties’ contact with the child and the child’s well-being. Family Court determined that the conduct of the parents with respect to their child supported a finding of extraordinary circumstances requiring his placement with a third party (i.e., nonbiological parent) and, adhering to its factual findings in its earlier (August 1999) decision and order, found that it would be in the best interest of the child to award custody to petitioner, with visitation as previously awarded to the parents. The mother appeals, and we affirm.
Upon review of the most recent testimony and proof, as well as that adduced at the prior hearing, we find that Family Court properly determined that petitioner proved that extraordinary circumstances existed which warranted denying the mother custody of her child (see Matter of Bennett v Jeffreys, supra at 550; 281 AD2d 860, 861 [2001], supra; see also Matter of Scala v Parker, 304 AD2d 858, 859 [2003]). We accord great deference to the court’s factual findings based, as they are, upon its superior position to view the witnesses and assess their credibility, and we find they represent a fully supportable and fair view of the testimony and evidence (see Matter of Scala v Parker, supra at 859). Most notably, the court found among the extraordinary circumstances that “[t]he child has been cared for by petitioner for almost all of his life,” on a voluntary basis from his birth until August 1998 and, thereafter, pursuant to the consent order. The court also concluded that the mother failed to exercise her visitation rights “for extended periods of time,” despite the court order giving her regular and significant contact with him. In our view, the proof supports the court’s finding that the mother persistently neglected the child (see Bisignano v Walz, 164 AD2d 317, 319-320 [1990]; see also Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]). The record amply reflects that at all times since his birth, it was petitioner (along with her late husband) who primarily provided for the child’s financial, physical, educational, medical and psychological needs, with only very sporadic and minimal involvement by the mother. As such, the mother’s conduct amounted to an abdication of her parental responsibilities (see Matter of Gray v Chambers, 222 AD2d 753, *813 754 [1995], lv denied 87 NY2d 811 [1996]; Matter of Culver v Culver, 190 AD2d 960, 961-962 [1993]; cf. Matter of Burghdurf v Rogers, 256 AD2d 1023, 1024 [1998]).
Under the totality of circumstances, including the child’s lifelong relationship with petitioner, who assumed the primary parental role in his parents’ absence and who provided most of his care, and the mother’s failure to maintain an established household, as well as her failure to consistently exercise visitation or maintain meaningful contact with him, we perceive no basis upon which to disturb Family Court’s findings of extraordinary circumstances and that joint custody is no longer feasible (see Matter of Bennett v Jeffreys, supra at 550-551; Matter of Scala v Parker, supra at 859-860). As to Family Court’s finding that awarding sole custody to petitioner was in the child’s best interest, the mother makes no compelling argument to undermine that conclusion. Moreover, the record reflects that the child already has a fully-bonded parent-child relationship with petitioner, who has demonstrated her capacity and willingness to care for him, and that he has thrived in her care. Also, the evidence at the rehearing established that the father, who had overcome some of his substance abuse problems and become actively involved in the child’s daily life, agreed that maintaining petitioner’s custody was in the child’s best interest. The Law Guardian also advocated this position. As the court’s findings in this regard have a sound and substantial basis in the record, they will not be disturbed.
Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.