Rose, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered April 29, 2002, which, inter alia, granted petitioners’ application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioners are the maternal grandparents of Kimberly (born in 1997) and Kami (born in 2000), and respondent is the children’s biological mother. Petitioners and respondent were awarded joint custody of Kimberly by a Family Court order on consent dated August 24, 1998, and respondent was awarded sole custody of Kami by a second order on consent dated June 29, 2001. The 2001 order also directed respondent to enroll in anger management counseling. After petitioners commenced a proceeding alleging that respondent violated the counseling directive of the 2001 order, respondent petitioned for modification of the 1998 custody order to regain sole custody of Kimberly. Petitioners opposed this application and petitioned for modification of the 2001 order to award them custody of Kami. Finding no change in circumstances warranting a *823 modification of Kimberly’s custody arrangement, Family Court denied respondent’s petition. As to Kami, however, Family Court found a change in circumstances sufficient to warrant placing her in petitioners’ custody with daily and weekend visitation granted to respondent. The court also found respondent in contempt for failing to enroll in anger management counseling. Respondent appeals.
It is well settled that, as between a biological parent and a nonparent, “the parent has a superior right to custody which cannot be denied unless the parent has relinquished that right through ‘surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances’ ” (Matter of Scala v Parker, 304 AD2d 858, 859 [2003], quoting Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]; see Matter of Lewis v Johnson, 302 AD2d 756, 757 [2003]). Here, Family Court made no threshold finding of extraordinary circumstances that would have then permitted consideration of whether it would be in the best interests of either child to be in the custody of petitioners rather than respondent. Instead, Family Court considered only whether there had been a change in each child’s circumstances. That was insufficient even as to Kimberly, since the 1998 consent order awarding joint custody of Kimberly to petitioners made no finding of extraordinary circumstances. Thus, it does not warrant a presumption that petitioners had satisfied the extraordinary circumstances threshold (see Matter of Moore v St. Onge, 307 AD2d 421, 422 [2003]; Matter of Scala v Parker, supra at 859).
Although there is evidence in this record of respondent’s abusive boyfriend, unstable living arrangements and neglect of Kami, the parties’ failure to expressly address the issue of extraordinary circumstances renders the record insufficient to permit “intelligent appellate review of the underlying custody determination” (Matter of Lewis v Johnson, supra at 757-758; see Matter of Moore v St. Onge, supra at 422). Accordingly, we are constrained to modify Family Court’s order and remit the matter for further proceedings, including the receipt of additional evidence from the parties, if they be so advised, and Family Court must determine first whether petitioners demonstrated extraordinary circumstances as to each child and, if so, then consider the best interests of each child. During the pendency thereof, custody will remain with petitioners.
Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioners’ modification petition and denied respondent’s modification petition; matter *824 remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.