■ In the Matter of VILHJAL CAMPBELL, Respondent, v URICE BREWSTER, Appellant. [779 NYS2d 665]—

Mercure, J.P. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered May 14, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of his child.

Petitioner is the father of a child born in 1997. Initially, the child lived with his mother—who was a teenager at the time of the child's birth—and her family, including respondent, the maternal grandmother. In respondent's 1998 petition for custody, filed while a paternity petition was pending, she listed the father as unknown. Subsequently, an order of filiation was granted declaring petitioner the father. Nevertheless, after petitioner failed to appear at a scheduled hearing, Family Court granted respondent and the mother a consent order of joint custody with primary physical custody to respondent. Petitioner never received a copy of that order. Petitioner continued paying the mother child support, although he sometimes fell behind, and he exercised visitation with his son.

Tragically, the mother was murdered in April 2001. One month later, petitioner sought custody of his son. Following a seven-day hearing, Family Court determined that respondent had not demonstrated extraordinary circumstances, granted petitioner custody and provided respondent with visitation. Respondent appeals.

We affirm. A parent has a superior right to custody over a nonparent unless the nonparent meets the burden of proving "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *see Matter of McDevitt v Stimpson*, 281 AD2d 860, 861 [2001]). Only if such extraordinary circumstances are proven will the court examine the best interests of the child (*see Matter of McDevitt v Stimpson, supra* at 861). Respondent concedes that petitioner did not surrender, abandon, or neglect the child. She maintains, however, that extraordinary circumstances exist primarily due to the potential psychological impact of disturbing the child's long-standing placement with her shortly after the mother was murdered. We disagree.

In evaluating whether extraordinary circumstances exist, fac-

tors to be considered include "the overall length of time the child has lived with the nonparent and the quality of that relationship, the particular circumstances existing at the time [custody was awarded to] the nonparent, the length of time the parent allowed such [an] order to continue without attempting to assume the primary parental role and the specific provisions and conditions, if any, of [such] order" (*id.* at 862). In making our determination, we accord great deference to Family Court's factual findings based upon its opportunity to view the witnesses and assess their credibility (*see Matter of McDevitt v Stimpson*, 1 AD3d 811, 812 [2003], *lv denied* 1 NY3d 509 [2004]). The record reveals that petitioner has regularly supported the child and maintained considerable contact with him (*see Matter of Cortright v Workman*, 304 AD2d 862, 863 [2003]; *cf. Matter of Isaiah O. v Andrea P.*, 287 AD2d 816, 817-818 [2001]). Although he did not object to the arrangement, we note that petitioner did not expressly consent to the order granting the mother and respondent joint custody of the child. Moreover, given that the mother was 16 years old at the time of the child's birth, these living arrangements were not unreasonable, and petitioner's acquiescence thereto cannot be said to reflect poorly upon the quality of his relationship with the child (*see Matter of La Croix v Deyo*, 88 AD2d 1077, 1078 [1982], *appeal dismissed* 57 NY2d 759 [1982]). Indeed, petitioner did file for custody soon after the mother's death. Although respondent offered the testimony of a psychiatric social worker regarding the impact of removing the child from her home, Family Court properly gave the testimony little weight inasmuch as the social worker failed even to observe petitioner and the child together. On these facts, we find that Family Court properly determined that respondent failed to establish extraordinary circumstances. Thus, petitioner was entitled to custody.

Crew III, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.