■ In the Matter of DERRICK TOLBERT, Appellant, v TAMARA SCOTT, Respondent. (Proceeding No. 1.) In the Matter of SANDRA SCOTT, Respondent, v TAMARA SCOTT, Respondent, and DERRICK TOLBERT, Appellant. (Proceeding No. 2.) [790 NYS2d 495]—

In two related child custody proceedings pursuant to Family Court Act article 6, the father appeals, by permission, from (1) an order of the Family Court, Queens County (Ebrahimoff, R.), dated August 25, 2004, which, without a hearing, determined, in effect, that extraordinary circumstances existed such that the maternal grandmother had standing to seek custody of the subject child and ordered that the case proceed directly to a fact-finding hearing regarding the best interests of the child, and (2) an order of the same court also dated August 25, 2004, which, without a hearing, awarded the father and the maternal grandmother temporary joint custody of the child with primary physical custody to the maternal grandmother.

Ordered that the first order dated August 25, 2004, which, without a hearing, determined, in effect, that extraordinary circumstances existed, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, to conduct an evidentiary hearing in accordance herewith; and it is further,

Ordered that the second order dated August 25, 2004, which, without a hearing, awarded the father and maternal grandmother temporary joint custody of the subject child with primary physical custody to the maternal grandmother, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County to conduct an evidentiary hearing and to make a new determination on temporary custody in accordance herewith; and it is further,

Ordered that pending the evidentiary hearing and new determination on temporary custody, the father and the maternal grandmother shall have temporary joint custody of the subject child with primary physical custody to the maternal grandmother pursuant to the terms of the second order appealed from.

The father commenced a proceeding on or about November 26, 2003, seeking sole custody of his daughter, Kayla. In late December 2003 the maternal grandmother also filed a petition for sole custody of Kayla. On August 25, 2004, without a hearing, the Family Court issued an order which, in effect, determined that extraordinary circumstances existed such that the maternal grandmother had standing to seek custody of Kayla pursuant to the newly amended Domestic Relations Law § 72 and Family Court Act § 651. The Family Court ordered that the case proceed directly to a fact-finding hearing to determine a permanent custodial arrangement in the best interests of the child. On the same day, without a hearing, the Family Court awarded the father and the maternal grandmother temporary joint custody of Kayla with primary physical custody to the maternal grandmother. We granted the father leave to appeal these orders and we now reverse.

In October 2003 the New York State Legislature passed legislation to amend Domestic Relations Law § 72 and Family Court Act § 651 in an effort to "provide guidance regarding the ability of grandparents to obtain standing in custody proceedings involving their grandchildren" (L 2003, ch 657, § 1). The amendment to Domestic Relations Law § 72 expressly provides that if a grandparent can demonstrate the existence of "extraordinary circumstances," he or she may commence a proceeding for custody of his or her grandchild (Domestic Relations Law

§ 72 [2] [a]). The newly-amended statute specifically states that "[a]n extended disruption of custody" constitutes an "extraordinary circumstance" (Domestic Relations Law § 72 [2] [a]). It defines "[a]n extended disruption of custody" as including "a prolonged separation of the respondent parent and the child for at least [24] continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the household of the petitioner grandparent or grandparents" (Domestic Relations Law § 72 [2] [b]). The amendments were enacted in recognition of the "special role" played by grandparents "in the lives of their grandchildren" and how they are "increasingly functioning as care givers in their grandchildrens' lives" (L 2003, ch 657, § 1).

The new amendments to Domestic Relations Law § 72 and Family Court Act § 651 became effective on January 5, 2004, while the instant proceedings were pending, but before issuance of the two orders of the Family Court dated August 25, 2004. Under the circumstances presented here, the Family Court properly applied the new amendments retroactively because they are remedial in nature (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 54; *Matter of Marino S.,* 293 AD2d 223 [2002], *affd* 100 NY2d 361 [2003], *cert denied sub nom. Marino S. v Angel Guardian Children & Family Servs.,* 540 US 1059 [2003]). The new amendments serve a beneficial purpose and they do not significantly alter the preexisting law pursuant to *Matter of Bennett v Jeffreys* (40 NY2d 543 [1976]) (*see Matter of OnBank & Trust Co.,* 90 NY2d 725, 730 [1997]; *Matter of Marino S., supra; cf. State of New York v Wolowitz,* 96 AD2d 47, 60 [1983]).

However, the Family Court erred in failing to hold an evidentiary hearing to determine the existence of "extraordinary circumstances" and to state the facts supporting its determination that "extraordinary circumstances" exist (*Matter of McArdle v McArdle,* 1 AD3d 822, 823 [2003]; *see Matter of Dungee v Simmons,* 307 AD2d 312, 312-313 [2003]; *Matter of Lewis v Johnson,* 302 AD2d 756 [2003]; *Matter of McDevitt v Stimpson,* 281 AD2d 860 [2001]; *Matter of Canabush v Wancewicz,* 193 AD2d 260, 262-263 [1993]; *Matter of Sales v Gisendaner,* 272 AD2d 997 [2000]; *Matter of Koch v Andres,* 246 AD2d 596 [1998]). Accordingly, we remit this matter to the Family Court, Queens County, for an evidentiary hearing to determine whether extraordinary circumstances exist based upon factual submissions by the parties. In those proceedings, the maternal grandmother bears the burden of proving extraordinary circumstances (*see Matter of Linda J. v Nakisha P.,* 10 AD3d 287 [2004]; *Matter of Rudy v*

*Mazzetti,* 5 AD3d 777, 778 [2004]; *Matter of Cortright v Workman,* 304 AD2d 862, 863 [2003]), which include, but are not limited to, an extended disruption of custody as now defined by Domestic Relations Law § 72 [2] [b]. Notably, "extraordinary circumstances" may also exist under circumstances not expressly defined in Domestic Relations Law § 72, such as where a parent is mentally or physically unfit to have custody of the child, where there has been a protracted separation of the parent from the child, or where the attachment of the child to the custodian is so strong that separation threatens destruction of the child (*Matter of Bennett v Jeffreys, supra* at 550-551; *see Matter of Miller v Michalski,* 11 AD3d 1029 [2004]; *Matter of McDevitt v Stimpson,* 1 AD3d 811 [2003]; *Matter of Benjamin B.,* 234 AD2d 457 [1996]). Unfortunately, the record is too conclusory and underdeveloped to allow us to determine the issue on appeal (*see Matter of McArdle v McArdle, supra; Matter of Lewis v Johnson, supra*).

The Family Court also erred in awarding temporary joint custody to the maternal grandmother without conducting any evidentiary hearing, especially in light of its failure to properly determine the existence of "extraordinary circumstance[s]" (*Mazur v Mazur,* 207 AD2d 61, 64-65 [1994]; *see Matter of Jones v Scaldini,* 238 AD2d 422, 423 [1997]; *Matter of Smith v Patrowski,* 226 AD2d 1073, 1073-1074 [1996]; *Marks v Marks,* 133 AD2d 742 [1987]). Accordingly, we also remit this matter to the Family Court, Queens County, to hold an evidentiary hearing for a new determination on temporary custody. However, the father and the maternal grandmother will continue to share temporary joint custody with primary physical custody to the maternal grandmother pursuant to the second order appealed from during the pendency of the hearings. Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.