In the Matter of JEFFREY LEIGHTON, Appellant, v ROBERT BAZAN, Respondent. [829 NYS2d 254]—

Peters, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered January 25, 2006, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody.

Petitioner is the biological father of two children, Jessica (born in 1988) and Jeffrey (born in 1990).* By a consent order of Family Court entered October 3, 1995, sole custody of the children was awarded to the mother with liberal visitation to petitioner. The mother and respondent thereafter married, raising the children together for 13 years until the mother died in 2005. Throughout that time, petitioner, who had frequent and consistent visitation with the children, maintained an amicable relationship with the mother, but had an acrimonious relationship with respondent.

Approximately one month after the mother's death, petitioner commenced this proceeding for sole custody of the children as

---

* Jessica turned 18 five days before Family Court issued its order. Therefore, this appeal only affects the custody of Jeffrey.

the surviving biological parent. At a preliminary hearing before Family Court, it was made clear by the court, before any testimony was taken, that although there were no extraordinary circumstances warranting the consideration of granting custody to respondent, a nonparent, the court was nonetheless going to consider the best interests of the children since they had been living with respondent for 13 years. Due to the court's candid statement, on the record, that it would not comply with *Matter of Bennett v Jeffreys* (40 NY2d 543 [1976]) unless ordered to do so by the Appellate Division, petitioner requested that the court make its temporary order permanent so that he could pursue an immediate appeal. Family Court acknowledged counsel's strategy and, therefore, denied petitioner's application for sole custody. An order was issued providing for joint legal custody, with respondent maintaining primary physical custody. It is from this order that petitioner appeals.

While we recognize that where a party consents or stipulates to the entry of a permanent order, a subsequent attempt to appeal that order would be subject to dismissal (*see Matter of Geddes v Montpetit*, 15 AD3d 797, 797 [2005], *lv dismissed* 4 NY3d 869 [2005]; *Matter of Forbus v Stolfi*, 300 AD2d 852, 852 [2002], *lv dismissed* 99 NY2d 642 [2003]), we cannot conclude, on this record, that petitioner consented to the issued order. Turning to the merits, Family Court properly acknowledged that petitioner has a superior right to custody unless respondent proves "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Bennett v Jeffreys, supra* at 544; *see Matter of Campbell v Brewster*, 9 AD3d 620, 621 [2004]; *Matter of McDevitt v Stimpson*, 281 AD2d 860, 861 [2001]). Accordingly, unless such extraordinary circumstances are proven, Family Court may not examine what would be in the children's best interests (*see Matter of Campbell v Brewster, supra* at 621). For this reason, we remit this matter to Family Court to take testimony on the issue of extraordinary circumstances (*see Matter of Moore v St. Onge*, 307 AD2d 421, 422 [2003]; *Matter of McDevitt v Stimpson, supra* at 862), and caution that the 1995 consent order for sole custody to the children's mother may not, standing alone, meet this initial burden (*see Matter of Moore v St. Onge, supra* at 422; *Matter of McDevitt v Stimpson, supra* at 862). Hence, only when and if such threshold burden can be met, shall Family Court proceed to a best interests analysis. During the pendency thereof, the provisions of the temporary order of custody shall remain in full force and effect.

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered

that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.