■ In the Matter of CHRISTOPHER MACE, Respondent, v AMBER MACE, Respondent, and MARK HARVEY, Appellant. (And Three Other Related Proceedings.) [846 NYS2d 711]—

Lahtinen, J. Appeal from an order of the Family Court of St. Lawrence County (Demarest, J.), entered March 1, 2006, which, among other things, granted petitioner's application, in four proceedings pursuant to Family Ct Act article 6, for custody of the subject child.

Petitioner and respondent Amber Mace (hereinafter the mother) were married in 1997 and are the parents of three children (born in 1998, 2000 and 2003). Also living in the marital home was the mother's child, Nicholas (born in 1995), from her brief relationship with respondent Mark Harvey (hereinafter respondent). Petitioner and the mother separated and, in 2005, a series of petitions were filed with petitioner and the mother eventually agreeing before the hearing that the two youngest children from their marriage would live with the mother and that the oldest child from that marriage, as well as Nicholas, would reside with petitioner. The hearing ensued as to the dispute between petitioner (whose position the mother supported) and respondent for custody of Nicholas. Family Court set forth a thorough written decision finding that the evidence established that respondent had abandoned Nicholas physically, emotionally, and financially, whereas petitioner and Nicholas had developed a strong parent-child relationship. Petitioner was awarded legal and physical custody as against respondent, who was permitted visitation. Respondent appeals.

We affirm. A biological parent's claim to custody surpasses all others absent a showing of "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *see Matter of Bevins v Witherbee*, 20 AD3d 718, 719 [2005]). If extraordinary circumstances are established, custody is then determined in light of the best interests of the child (*see Matter of*

*Bennett v Jeffreys*, 40 NY2d at 544; *Matter of Campbell v Brewster*, 9 AD3d 620, 621 [2004]). We typically defer to Family Court's credibility determinations so long as they are supported by a fair view of the evidence (*see Matter of McDevitt v Stimpson*, 1 AD3d 811, 812 [2003], *lv denied* 1 NY3d 509 [2004]).

Respondent had little contact with the child during his first year of life and, before the child turned one, respondent moved to Georgia. During the next four years, he apparently visited the child only once. Respondent failed to make child support payments. Even after returning to live in the same county as the child, he took no meaningful steps to establish a relationship until he was served with this custody petition. By that time, the child was nearly 10 years old. Without regard to the interests of the child, respondent then engaged in self-help by forcing the child to leave school with him. When later granted supervised visitation, he stopped attending after a few months. The requisite extraordinary circumstances were established.

As between petitioner and respondent, it is in the child's best interests to be in the custody of petitioner. Petitioner has acted as a de facto parent of the child continuously since 1997. He has been actively involved in the child's educational needs, physical care and emotional development. The record bears out Family Court's characterization of the relationship as "a genuine father-son attachment" with the "interrelationship and interaction of the two . . . as healthy, positive, loving, and caring." While petitioner has a few noted shortcomings, these were properly considered and weighed by Family Court.

The remaining arguments have been considered and found unavailing.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.