■ In the Matter of STACY MARIE MERCADO, Appellant, v BONNIE J. MERCADO, Respondent. [883 NYS2d 605]—

Stein, J. Appeal from an order of the Family Court of Ulster County (Feeney, J.H.O.), entered October 3, 2008, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition and amended petition.

Following the birth of the child (born in 2004) who is the subject of this proceeding, petitioner (hereinafter the mother) suffered from postpartum depression and checked herself into a mental health facility. In June 2005, respondent, the child's maternal grandmother (hereinafter the grandmother), filed a petition in Family Court seeking custody of the child. An order was entered on consent awarding temporary custody of the child to the grandmother and allowing extensive weekly supervised visitation for the mother. Two months later, Family Court

(Nussbaum, J.) made a final order awarding the grandmother sole custody of the child, with visitation to the mother at the grandmother's discretion. Although the mother was not present in court when the order was made, it indicates that it was based upon a stipulation of the parties.*

The mother subsequently moved to North Carolina, became engaged and gave birth to a second child. In 2007, the mother commenced this proceeding seeking modification of the prior custody order and requesting sole custody of the child. The mother also filed a violation petition alleging that the grandmother had interfered with and prevented her visitation with the child. The parties thereafter agreed that the factual allegations of the violation petition would be incorporated in the modification petition and the mother agreed to withdraw the violation petition, whereupon Family Court (Feeney, J.H.O.) dismissed the violation petition. The grandmother then moved to dismiss the modification petition. The mother opposed that motion and filed an amended petition. Family Court dismissed the petition and amended petition, prompting this appeal by the mother.

In view of Family Court's failure to make a threshold determination regarding the existence of extraordinary circumstances, we reverse. It is well settled that a biological parent has a superior right to custody over the rights of a nonparent and "[t]he [s]tate may not deprive a parent of the custody of a child absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). The burden of proving extraordinary circumstances rests on the nonparent, and the mere existence of a prior consent order of custody in favor of the nonparent is not sufficient to demonstrate extraordinary circumstances (*see Matter of Moore v St. Onge*, 307 AD2d 421, 422 [2003]). "[U]nless such extraordinary circumstances are proven, Family Court may not examine what would be in the child['s] best interests" (*Matter of Leighton v Bazan*, 36 AD3d 1178, 1179 [2007]).

Here, Family Court never held a hearing to determine whether the grandmother had established the existence of extraordinary circumstances (*see Matter of McDevitt v Stimpson*, 281 AD2d 860, 861-862 [2001]). Instead, the court incorrectly placed the burden on the mother to demonstrate a change in circumstances and proceeded to address the issue of the child's best interests without making the threshold determination that

---

* Specifically, the order indicates that the mother gave her consent at the previous appearance at which the temporary order was made.

extraordinary circumstances existed. Although we are empowered to make such a determination in appropriate circumstances (*see Matter of Moore v St. Onge*, 307 AD2d at 422), the limited record before us on this appeal is insufficient to enable us to do so. Thus, Family Court's order must be reversed and the matter remitted to Family Court for a hearing and further determination considering all appropriate factors (*see Matter of Bennett v Jeffreys*, 40 NY2d at 549-550; *Matter of Cumber v O'Leary*, 56 AD3d 1067, 1070 [2008]).

We have considered the mother's contention that she received the ineffective assistance of counsel and find it to be without merit.

Mercure, J.P., Peters, Malone Jr. and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court's decision.