■ In the Matter of SAPHORA MAGANA, Appellant, v GLORIA SANTOS et al., Respondents. [895 NYS2d 254]—

Mercure, J.P. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered September 24, 2008, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent Jose M. Santos II (hereinafter the father) are the parents of two children, born in 1995 and 1996. The children began residing with their paternal grandmother, respondent Gloria Santos, in March 2005. Later that year, Family Court, Kings County awarded sole custody of the children to the grandmother upon the father's consent and the mother's default. The mother commenced this modification proceeding in August 2007 in Family Court, Ulster County and, while she conceded that the children should remain with the grandmother, sought joint legal custody and visitation. A temporary order was issued directing that the mother have specified visitation with the children and, following a hearing, Family Court determined that extraordinary circumstances existed and granted the grandmother sole custody of the children, with the mother to have visitation and telephone contact. The mother appeals, and we affirm.

As the mother's right to custody of her children is superior to that of the grandmother, she may not be deprived of that custody in the absence of extraordinary circumstances such as "surrender, abandonment, persisting neglect, unfitness or" the

like (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *see Matter of Mercado v Mercado*, 64 AD3d 951, 952 [2009]). Family Court was obliged to determine if such extraordinary circumstances existed here, as the 2005 order made no findings in that regard (*see Matter of Mercado v Mercado*, 64 AD3d at 952; *Matter of McDevitt v Stimpson*, 281 AD2d 860, 861 [2001]). As is relevant here, extraordinary circumstances may be present where an extended disruption of custody has occurred, such as "a prolonged separation of the . . . parent and the child for at least twenty-four continuous months during which the parent voluntarily relinquished care and control of the child and the child resided" with his or her grandparents (Domestic Relations Law § 72 [2] [b]; *see Matter of Carton v Grimm*, 51 AD3d 1111, 1112 n [2008], *lv denied* 10 NY3d 716 [2008]). A further assessment is also made of the length of time the children have resided with the grandmother, the quality of their relationship and the amount of time during which the mother allowed the grandmother's custody to continue without attempting to reassert her parental role (*see Matter of Coonradt v Aussicker*, 66 AD3d 1143, 1143-1144 [2009]; *Matter of Gale v Gray*, 39 AD3d 903, 905 [2007]).

Here, the children had resided with the grandmother for over two years prior to the filing of the modification petition. During that time, the mother made no effort to obtain custody of the children or assist the grandmother in making decisions for them and, indeed, admitted that she had minimal contact with them. In contrast, the record establishes that the grandmother has established a bond with the children and has provided for their "physical, medical, financial, educational and psychological needs" with little assistance from the mother (*Matter of Carton v Grimm*, 51 AD3d at 1113). According deference to Family Court's credibility determinations, we conclude that its finding of extraordinary circumstances is supported by a sound and substantial basis in the record and should not be disturbed (*see Matter of Bohigian v Johnson*, 48 AD3d 904, 905-906 [2008]; *cf. Matter of Gale v Gray*, 39 AD3d at 904-905).

Having found extraordinary circumstances, Family Court was thus obliged to further determine what custodial arrangement would be in the children's best interests (*see Matter of VanDee v Bean*, 66 AD3d 1253, 1254-1255 [2009]; *Matter of Mercado v Mercado*, 64 AD3d at 952).* The mother does not dispute, and we agree, that the best interests of the children will be served if

---

* Given the demonstration of extraordinary circumstances, the mother was obliged to demonstrate a material change of circumstances that would warrant modifying the custody order already in place (*see Matter of Howard v Mc-*

they continue to reside with the grandmother; instead, the issue is whether the mother should be granted joint legal custody and/or overnight visitation. As noted above, the mother's involvement with the children has been extremely limited for several years. The mother's parenting skills are also open to question for a variety of reasons, such as indications that she failed to adequately care for the children while they were in her custody and her lack of insight into why their maternal grandfather—who either threatened to or did leave the younger child in an alleyway as "a joke" and sexually abused the mother as a child—should not be in the children's presence. Moreover, she admitted that she did not want the children to have unsupervised visitation with their father, even though she had not seen him in 12 years and did not request in her petition that such visitation be limited. These circumstances provide a sound and substantial basis for Family Court's determination that limited visitation and regular telephone access, rather than a broader award of joint legal custody or overnight visitation, serve the children's best interests.

Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

Loughlin, 64 AD3d 1147, 1148 [2009]; Matter of Olds v Binyard, 64 AD3d 658, 659 [2009]). While it is questionable as to whether such a material change in circumstances occurred, none of the parties raises this issue. We will accordingly assume that such a showing was made and reach the best interests issue.