■ In the Matter of TRACY MARIE BATHRICK, Respondent-Appellant, v DANIELLE E. BATHRICK, Respondent, and JOHN W. LAVALLEY, Appellant-Respondent. (And Other Related Proceedings.) [895 NYS2d 886]—

Stein, J. Cross appeals from an order of the Family Court of Montgomery County (Cortese, J.), entered March 3, 2008, which, among other things, dismissed petitioner's application, in proceedings pursuant to Family Ct Act article 6, for custody of petitioner's niece.

Pursuant to a Family Court order entered upon consent in April 2006, respondent Danielle E. Bathrick (hereinafter the mother) and respondent John W. LaValley (hereinafter the father) were awarded joint legal custody of the subject child (born in 2006). In August of that year, however, as both parents were at the time incarcerated, petitioner (the child's maternal aunt) filed the initial petition in these proceedings seeking custody of her niece and was granted temporary custody of the child shortly thereafter. Upon the mother's release from jail, petitioner submitted an amended petition seeking legal and primary physical custody of the child based on the father's continued incarceration and the alleged existence of extraordinary circumstances rendering the mother an unsuitable custodial resource for her daughter. Although Family Court subsequently issued multiple temporary orders and respondents separately filed various additional petitions, as relevant here, a trial was ultimately held on the merits of the underlying amended petition. Following the trial, Family Court concluded that petitioner failed to satisfy her burden of establishing that extraordinary circumstances existed (*see generally Matter of Mercado v Mercado*, 64 AD3d 951, 952 [2009]) and awarded joint legal custody of the child to respondents, with primary physical custody to the mother and supervised parenting time for the father. The father, who was released from incarceration during the pendency of these proceedings, appeals that portion

of Family Court's order directing that his parenting time be supervised.[1]

After the father filed his notice of appeal to this Court, Family Court presided over a hearing involving respondents' various remaining petitions. At that time, all parties agreed to withdraw any outstanding petitions and, upon the parties' consent, Family Court determined that the April 2006 custody order was once again in effect. Inasmuch as that order did not direct that the father's parenting time be supervised, the father's appellate counsel seeks to be relieved of his assignment on the ground that the instant appeal is now moot. Based upon our review of the record, we agree that the appeal is moot and must be dismissed[2] (*see Matter of Cadejah AA.*, 33 AD3d 1177 [2006]; *see generally Matter of Rebecca O. v Todd P.*, 309 AD2d 982, 983 [2003]). Accordingly, we need not address counsel's request to be relieved of his assignment (*see Matter of Senator NN.*, 21 AD3d 1187, 1188 [2005]; *Matter of Natasha F.*, 15 AD3d 788, 789 [2005]).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

**1.** Petitioner's cross appeal has been withdrawn.

**2.** We note that yet another order of custody on consent was entered on August 17, 2009, further modifying the custodial arrangements, including a suspension of the father's parenting time.