# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1382**
**CAF 11-00306**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF RICHARD A. VAZQUEZ,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ALLISON M. VELEZ, RESPONDENT-RESPONDENT.
---------------------------------------------
IN THE MATTER OF RICHARD A. VAZQUEZ,
PETITIONER-APPELLANT,

V

ALLISON M. VELEZ, RESPONDENT-RESPONDENT.
---------------------------------------------
IN THE MATTER OF EVELYN SANTIAGO,
PETITIONER-RESPONDENT,

V

RICHARD A. VAZQUEZ, RESPONDENT-APPELLANT.
---------------------------------------------
IN THE MATTER OF RICHARD A. VAZQUEZ,
PETITIONER-APPELLANT,

V

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
RESPONDENT-RESPONDENT.

---

TIMOTHY R. LOVALLO, BUFFALO, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

LEGAL SERVICES FOR THE ELDERLY, DISABLED OR DISADVANTAGED OF WNY, BUFFALO (DAVID A. SHAPIRO OF COUNSEL), FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR JULISSA V.

---

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered February 8, 2011 in a proceeding pursuant to Family Court Act article 6.  The order, among other things, granted joint custody of the subject child to Evelyn Santiago and Richard A. Vazquez.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following Memorandum: Petitioner-respondent father appeals from an order granting physical custody of his child to petitioner maternal grandmother (grandmother), and joint custody to the father and grandmother. It is well established that a parent has a superior right to custody to that of a nonparent (*see generally Matter of Bennett v Jeffreys*, 40 NY2d 543, 546-548). Specifically, "[t]he State may not deprive a parent of the custody of a child absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*id.* at 544). Here, Family Court erred in failing to determine whether extraordinary circumstances exist before proceeding to determine that it is in the best interests of the child to grant physical custody to the grandmother and joint custody to the father and grandmother (*see id.* at 548). Because "the record is insufficient to enable us to make our own determination with respect to whether extraordinary circumstances exist" (*Matter of Howard v McLoughlin*, 64 AD3d 1147, 1148), we remit the matter to Family Court to make that determination, upon affording the parties the opportunity to submit additional evidence if they be so advised. In the event that the court determines that extraordinary circumstances exist, the court must then consider the best interests of the child in making a custody determination (*see Matter of McArdle v McArdle*, 1 AD3d 822, 823).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court