Spain, J.
Appeal from an order of the Family Court of Schenectady County (Taub, J.H.O.), entered September 8, 2011, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent’s motion to dismiss the petition.
Petitioner (hereinafter the mother) gave birth to a daughter in 2005. Following allegations that the mother suffered from untreated mental illness and failed to provide appropriate care, the child became the subject of, among other things, a custody dispute between the mother and respondent, her sister. In 2008, a consent order was issued awarding custody of the child to respondent, with the mother to have supervised visitation. The mother thereafter filed a modification petition in 2009 seeking to regain custody of the child. Family Court ultimately determined that the modification petition failed to state a cause of action and dismissed it, rejecting the mother’s argument that the initial burden rested upon respondent as a nonparent to demonstrate that extraordinary circumstances existed. The mother now appeals.
We reverse. As an initial matter, Family Court erred in dismissing the mother’s modification of custody petition in which she sought sole legal custody of her child. On such a motion (see CPLR 3211 [a] [7]), “the pleading is to be afforded a liberal construction. We accept the facts as alleged in the [petition] as true, accord [the petitioner] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994] [citations omitted]; see Matter of Pamela N. v Neil N., 93 AD3d 1107, 1108 [2012]). Under *1403 bedrock constitutional principles protecting parental legal rights, “[t]he State may not deprive a parent of the custody of a child absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances” (Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). There having been no judicial finding of any of the foregoing, the mother had a fundamental right to petition Family Court to regain custody of a child whom she had previously voluntarily placed in her sister’s custody on consent. That a neglect petition against the mother had previously been withdrawn—as part of that 2008 consent order—did not forever deprive the mother of the right to petition to regain custody, as the court implied. As the mother’s petition did sufficiently state a cause of action for modification of the prior order of custody, it should be reinstated.
Moreover, while “no parent has an absolute right to custody of a child . . . , it is settled law that, as between a biological parent . . . and a nonbiological parent . . . , the parent has a superior right to custody that cannot be denied unless the nonparent can establish that the parent has relinquished that right because of ‘surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances’ ” (Matter of Michael G.B. v Angela L.B., 219 AD2d 289, 291 [1996], quoting Matter of Bennett v Jeffreys, 40 NY2d at 544; see Matter of Rush v Roscoe, 99 AD3d 1053, 1054 [2012]; Matter of McDevitt v Stimpson, 281 AD2d 860, 861-862 [2001]). There is no indication in the prior consent custody order that the mother intended to surrender her parental rights—indeed, that order provided for continued visitation between her and the child—or that a judicial finding of extraordinary circumstances was ever made (see Matter of Lori P. v Susan P., 243 AD2d 817, 818 [1997]; see also Matter of Howard v McLoughlin, 64 AD3d 1147, 1147 [2009]). The “consent order, standing alone, does not constitute a judicial finding [or an admission] of surrender, abandonment, unfitness, neglect or other extraordinary circumstances” (Matter of McDevitt v Stimpson, 281 AD2d at 862; see Matter of Rush v Roscoe, 99 AD3d at 1054).
Thus, notwithstanding the mother’s consent to the order, the initial burden remains upon respondent, a nonparent, to demonstrate that extraordinary circumstances exist, and Family Court erred in refusing to address that threshold issue (see Matter of Rush v Roscoe, 99 AD3d at 1054; Matter of Ramos v Ramos, 75 AD3d 1008, 1009-1010 [2010]; Matter of Mercado v Mercado, 64 AD3d 951, 952-953 [2009]; Matter of McArdle v McArdle, 1 AD3d 822, 823 [2003]; Matter of Cote v Brown, 299 AD2d 876, 877 [2002]; Matter of McDevitt v Stimpson, 281 AD2d *1404 at 861-862; Matter of Lori P. v Susan P., 243 AD2d at 818). Finally, given that there has never been a judicial determination (or admission) of extraordinary circumstances, the mother is not required to demonstrate a change in circumstances (see Matter of Guinta v Doxtator, 20 AD3d 47, 50-51 [2005]; cf. Matter of Cusano v Milewski, 68 AD3d 1272, 1273 [2009]; Matter of Metcalf v Odums, 35 AD3d 865, 866 [2006]). We need not address the mother’s remaining argument in light of the foregoing.
Rose, J.E, McCarthy and Egan Jr., JJ, concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court’s decision.